[No. 11147. In Bank. — October 4, 1888.]

JOHN H. WISE, ADMINISTRATOR ETC., APPELLANT, *v.* J. T. HOGAN, ADMINISTRATOR ETC., RESPONDENT.

ESTATES OF DECEASED PERSONS — ADMINISTRATOR — ASSUMPSIT — PLEADING — BILL OF PARTICULARS. — An administrator defendant is bound by the rule of practice that a plaintiff suing upon an account need not set forth specifically in the complaint the items of the indebtedness, and that if the defendant is dissatisfied with the general allegation of indebtedness, his only remedy is to demand a copy of the plaintiff's account; and a demurrer for ambiguity and uncertainty in not specifying the items of the account sued upon should be overruled.

ID. — CLAIM AGAINST ESTATE — STATUTE OF LIMITATIONS — DEMURRER. — An administrator is forbidden to allow a claim that is barred by the statute of limitations, and when the claim does not appear upon its face to be barred, he may refuse to allow it, if barred in fact; but this is a matter to be determined at the trial, and it cannot be objected in such case that it does not appear whether the claim was or was not barred, and that the complaint is insufficient upon the ground that it does not show such a claim as the administrator could have allowed. When it does not affirmatively appear upon the face of the complaint that the claim is barred by the statute, a demurrer based upon the statute of limitations is not allowable.

ID. — PRESENTATION OF CLAIM — GENERAL DEMURRER. — When the presentation of a claim against an estate which is sued upon is alleged to have been made within ten months after the first publication of notice to creditors, without alleging the value of the estate, such allegation, though defective, cannot be objected to by general demurrer.

ID. — PLEADING — AVERMENT OF NON-PAYMENT. — In a complaint upon a claim against the administrator of a deceased person, it is sufficient to aver non-payment by the deceased, and that the claim has been properly presented to and rejected by the administrator.

ID. — AVERMENT OF REPRESENTATIVE CAPACITY. — An allegation that on a certain date a decree was duly given and made in a specified court, upon which letters of administration upon the estate of a deceased person named were issued to the party plaintiff or defendant, and that he duly qualified and entered upon the discharge of his duties as such administrator, and has ever since been and now is the duly qualified and acting administrator, etc., is sufficient.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*A. Heynemann,* for Appellant.

The pleading of representative character was sufficient. (Code Civ. Proc., sec. 456; *Young* v. *Wright,* 52 Cal. 407; *Judah* v. *Fredericks,* 57 Cal. 391; *Beans* v. *Emanuelli,* 36 Cal. 118; *City of Los Angeles* v. *Mellus,* 59 Cal. 451; *Riddell* v. *Harrell,* 71 Cal. 254.) The complaint is not ambiguous nor uncertain, and the only remedy of defendant was to demand a bill of particulars. (Code Civ. Proc., sec. 454; *St. John* v. *Beers,* 24 How. Pr. 377; *Wilkins* v. *Stidger,* 22 Cal. 233; 83 Am. Dec. 64; *McKinney* v. *McKinney,* 12 How. Pr. 23; *Fullerton* v. *Gaylord,* 7 Robt. 557; 2 Chitty on Pleading, pp. 37, 68, 69.) The common counts in *assumpsit* have been repeatedly held valid in this state. The claim is not barred by limitation upon its face. (Code Civ. Proc., sec. 433; *Farris* v. *Merritt,* 63 Cal. 118; *Harmon* v. *Page,* 62 Cal. 449; *Smith* v. *Richmond,* 19 Cal. 477; *Ord* v. *De la Guerra,* 18 Cal. 68; *Barringer* v. *Warden,* 12 Cal. 311.)

*Henry Vrooman,* and *James C. Martin,* for Respondent.

The averments as to presentation of the claim are insufficient. (Code Civ. Proc., sec. 1491, 1493, 1500.) The averment of non-payment is insufficient. (*Davenay*

v. *Eggenhoff*, 43 Cal. 395; *Scroufe* v. *Clay*, 71 Cal. 123.)
The complaint is ambiguous and uncertain.

WORKS, J. — This cause was affirmed upon an opinion
of the commission. A rehearing was granted, and fur-
ther argument has been heard. In the former opinion,
the cause was affirmed on the ground, stated in general
terms, that the complaint was ambiguous and uncertain,
and the demurrer thereto, on that ground, properly sus-
tained. The objection made to the complaint in this
respect is, in substance, that the indebtedness is alleged
in general terms, the items and amounts not being
specifically stated.

Upon further consideration, we are of the opinion that
this objection was not well taken. It has been repeatedly
held by this court that a party suing upon an account
need not set forth specifically the items of the indebted-
ness, and the code so provides. (Code Civ. Proc., sec.
454; *Providence Tool Co.* v. *Prader*, 32 Cal. 634; 91 Am.
Dec. 598; *Tompkins* v. *Mahoney*, 32 Cal. 231. See also
*McKinney* v. *McKinney*, 12 How. Pr. 23.)

If the defendant is not satisfied with the general alle-
gation of indebtedness, the code expressly provides a
remedy. He may, within five days, demand a copy of
the plaintiff's account. (Code Civ. Proc., sec. 454.)

If he fails to avail himself of the right thus given him,
he cannot be heard to say that the complaint is insuffi-
cient on the ground of uncertainty in that respect.
(*Providence Tool Co.* v. *Prader, supra.*)

We know of no reason why an administrator should
not be bound by this rule of practice.

It is further urged against the sufficiency of the com-
plaint that it does not show such a claim as the admin-
istrator could have allowed, for the reason that the
allegation being that the services were rendered "between
the first day of January, 1870, and the eleventh day of
October, 1883," the whole or a part of the claim might

have been barred by the statute of limitations, at the time the claim was presented for allowance.

An administrator is expressly forbidden by statute to allow a claim that is barred by the statute of limitations. (Code Civ. Proc., sec. 1499.)

This claim did not appear on its face to be barred. The administrator might have refused to allow it on the ground that the statute had in fact run against it. If upon suit being brought, it appeared that the claim was in fact barred, his refusal to allow it would thus be justified, and the claimant could not recover. But this is a matter to be determined at the trial, the claim not appearing on its face to have been barred when presented. The fact that it did not show whether it was or was not barred would not defeat a recovery. Therefore this objection to the complaint was not well taken.

It is claimed that the complaint is insufficient in that it fails to allege the presentation of the claim in time. The allegation is, that the claim was "on the twenty-fifth day of July, 1884, duly presented within ten months next following and succeeding the first publication of notice to creditors." It is provided by statute that four or ten months' notice to creditors must be given, depending upon the value of the estate, that all claims must be presented within the time limited in the notice, and that any claim not so presented shall be barred forever. (Code Civ. Proc., secs. 1491, 1493.)

The proper presentation of the claim is necessary to entitle the creditor to maintain an action thereon. (Code Civ. Proc., sec. 1500; *Bank of Stockton* v. *Howland*, 42 Cal. 129, 132.)

So far as appears from this complaint, the notice required and given may have been one for four months, the claim may have been presented after the expiration of that time, and may have been properly rejected for that reason. But we are met with the claim, on the part of the appellant, that the objection urged cannot be

raised by a general demurrer for want of facts. Although defectively stated, there is an allegation of the present-ment of the claim.

The later decisions of this court are to the effect that such an allegation is sufficient to withstand a general demurrer (*Hentsch* v. *Porter,* 10 Cal. 555; *Coleman* v. *Woodworth,* 28 Cal. 567; *Bank of Stockton* v. *Howland,* 42 Cal. 129; *Chase* v. *Evoy,* 58 Cal. 348); and the correctness of the earlier case of *Ellissen* v. *Halleck's Ex'rs,* 6 Cal. 386, holding to the contrary, is doubted.

Following these cases we must hold that the complaint was sufficient in this respect as against respondent's de-murrer.

It is further urged that the complaint is defective in that it does not allege the non-payment of the claim by the administrator. It is averred that the claim was not paid by the deceased, and that it was presented to the administrator and rejected, but there is no direct allega-tion of non-payment by him.

It is firmly settled in this state that an averment of non-payment is necessary to the sufficiency of a com-plaint for money claimed to be due on contract. (*Da-venay* v. *Eggenhoff,* 43 Cal. 395; *Scroufe* v. *Clay,* 71 Cal. 123.) This is on the ground that the failure to pay, when due, constitutes the breach of the contract, and gives a right of action.

In this class of cases we deem it sufficient to allege non-payment by the deceased, and that the claim has been properly presented to and rejected by the adminis-trator.

The non-payment by the debtor is a breach of the contract, and gives a cause of action. The subsequent presentation of the claim to the administrator is made necessary by the statute before action can be maintained, but this does not render it necessary to allege that he has not paid the claim. Non-payment by him should be pre-sumed from the alleged fact of his rejection of the claim.

There is the further objection to the complaint that the administrative characters of the plaintiff and defendant are not sufficiently alleged. As to the plaintiff, the death of his intestate is alleged, and further, "that on the eighteenth day of June, 1884, a decree was duly given and made in the superior court in and for the city and county of San Francisco, upon which letters of administration upon the estate of said Tully R. Wise, deceased, were issued by the said superior court," etc.

And the allegation as to the defendant is in effect the same. Coupled with this is the allegation, as to each, that he duly qualified and entered upon the discharge of his duties as such administrator, and has ever since been, and now is, the duly qualified and acting administrator, etc. This would seem to be sufficient. (Code Civ. Proc., sec. 456; *Beans* v. *Emanuelli,* 36 Cal. 118; *Judah* v. *Fredericks,* 57 Cal. 389; *City of Los Angeles* v. *Mellus,* 59 Cal. 444, 450; *Riddell* v. *Harrell,* 71 Cal. 254.)

The complaint is also demurred to on the ground that the claim appears to be barred by section 339 of the Code of Civil Procedure.

It is sufficient answer to this objection to say that it does not appear upon the face of the complaint that the claim is barred, and that the objection cannot therefore be raised by demurrer. (*Smith* v. *Richmond,* 19 Cal. 476; *Harmon* v. *Page,* 62 Cal. 448; *Farris* v. *Merritt,* 63 Cal. 118.)

It will be seen that the complaint in this action is defective in almost all its parts, but while this manner of pleading is objectionable, and should not be encouraged by the courts, we feel compelled, for the reasons stated, to hold it sufficient.

Judgment reversed.

PATERSON, J., McFARLAND, J., SEARLS, C. J., and SHARPSTEIN, J., concurred.