### J. LONSDALE *vs.* HERMAN OLTMAN.

Submitted on briefs May 17, 1892.   Decided May 24, 1892.

**Practice—Account.**

> Plaintiff having failed to deliver a copy of his account, properly demanded under 1878 G. S. ch. 66, § 105, and the defendant having properly made the objection, ought not to have been permitted to prove the account.

Appeal by defendant Herman Oltman from an order of the District Court of Benton County, *Baxter*, J., made August 20, 1891, refusing his application for a new trial.

The plaintiff, J. Lonsdale, brought this action upon an open account for his services as a physician and surgeon, and for drugs and medicines furnished for defendant at divers times in March and April, 1889, of the value of $75.   The Summons and Complaint were served on April 25, 1890.   The defendant on May 3, 1890, demanded in writing a verified and itemized statement of plaintiff's account, but plaintiff omitted to furnish it.   Defendant answered, and at the trial asked that plaintiff be precluded from giving evidence of the account.   The request was refused, he excepted, the evidence was received, and the jury returned a verdict for plaintiff for $50.50.   Defendant moved for a new trial, and being denied, appealed, and assigned this ruling as error.

*Oscar Taylor*, for appellant.

*D. W. Bruckart*, for respondent.

GILFILLAN, C. J.   In this case, which was an action to recover for services rendered as a surgeon and for drugs and medicines furnished by plaintiff on divers dates, the defendant, pursuant to 1878 G. S. ch. 66, § 105, served written notice of demand for a copy of plaintiff's account, which was disregarded.   At the trial the defendant at the proper time objected to evidence of the account, for the reason that the demand had not been complied with, and the objection was overruled.   The statute is explicit that, upon failure to furnish the copy when demanded, the party shall "be precluded from giving

evidence thereof." All that the party demanding need do at the trial is to make timely and proper objection bringing to the knowledge of the court the fact of such demand. The last sentence of the section refers only to a case where a copy of the account has been served, but it is not deemed sufficiently definite or particular. To bring an account within the statute, it is not necessary the party should have entered it in a book. It cannot concern the party demanding that the other kept the items in a book or in his head.

The admissions of the answer were not such that the plaintiff could have had a recovery without proof, and that proof he was precluded from making.

Order reversed.

(Opinion published 52 N. W. Rep. 131.)