[No. 14137.   Department Two. — December 9, 1892.]

J. T. BURNS, Respondent, *v.* ELLEN CUSHING ET AL., Appellants.

96  669
135 234

Assumpsit for Legal Services — Complaint — Demurrer — Uncertainty — Bill of Particulars. — A complaint in an action to recover a balance alleged to be due for legal services rendered to the defendants by the assignor of the plaintiff, as an attorney at law, which alleges that the defendants retained and employed such attorney to commence, prosecute, and defend certain actions and proceedings, and that in pursuance of the retainer the attorney rendered valuable services to the defendants between specified dates, is not subject to special demurrer for ambiguity and uncertainty for want of stating the particular nature or time of the services, but such averment comes within the provisions of section 454 of the Code of Civil Procedure, and the defendants should demand a bill of particulars under that section.

Id. — Averment of Non-payment. — An averment that the "plaintiff, upon his information and belief, alleges that said services were reasonably worth the sum of $750, and defendants have paid the sum of $200 on account, and in part payment thereof, leaving the sum of $550 unpaid thereof," although not strictly good pleading, is a sufficient averment of non-payment of the amount sued for.

Id. — Date of Averment — Assignment of Cause of Action. — The averment of non-payment in such case must be considered as of the date of the filing of the complaint, although it appears that the cause of action was assigned to the plaintiff on the day before the action was commenced.

Id. — Answer Supplying Defect of Complaint. — A defective averment in a complaint is immaterial, if the defect is supplied by the answer.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Otto tum Suden,* and *Horace W. Philbrook,* for Appellants.

The complaint was fatally defective in not averring non-payment. (*Barney* v. *Vigoreaux,* 92 Cal. 631; *Notman* v. *Green,* 90 Cal. 172; *Scroufe* v. *Clay,* 71 Cal. 123; *Frisch* v. *Caler,* 21 Cal. 71; *Richards* v. *Travelers Ins. Co.,* 80 Cal. 506; *Roberts* v. *Treadwell,* 50 Cal. 520; *Grant* v. *Sheerin,* 84 Cal. 197.) A pleading must be most strongly construed against the pleader, and any reasonable doubt or ambiguity arising on the face of the plead-

ing is to be resolved most strongly against him. (*Collins* v. *Townsend*, 58 Cal. 608; *Rogers* v. *Shannon*, 52 Cal. 107; *Triscony* v. *Orr*, 49 Cal. 617; *Salisbury* v. *Shirley*, 53 Cal. 465; *People* v. *Wong Wang*, 92 Cal. 281; *Potter* v. *Fowzer*, 78 Cal. 496.) The defendants could not demand a bill of particulars, as the action was not on an account. (Code Civ. Proc., sec. 454.)

*Crittenden Thornton*, and *F. H. Merzbach*, for Respondent.

The defendants should have demanded a bill of particulars, if they deemed the complaint uncertain. (*Tompkins* v. *Mahoney*, 32 Cal. 231; *Hart* v. *Spect*, 62 Cal. 187.) Even if the averment of non-payment was insufficient, the defect was cured by the answer. (Gould's Pleading, 166; 1 Chitty's Pleading, 16th Am. ed., 705; *Hawthorne* v. *Smith*, 3 Nev. 193; *United States* v. *Morris*, 10 Wheat. 287; *Whittemore* v. *Ware*, 101 Mass. 355; *Vinal* v. *Richardson*, 13 Allen, 521.)

McFARLAND, J. — This is an action to recover a balance due for legal services alleged to have been rendered by Charles F. Hanlon, and assigned to plaintiff. Judgment went for plaintiff, and defendants appeal therefrom upon the judgment roll. The only point made is, that the court erred in overruling the demurrer to the complaint.

1. In the complaint it is averred that in May or June, 1884, defendants retained and employed said Hanlon to commence, prosecute, and defend certain actions and proceedings at law and in equity and probate, and that "in pursuance of said retainer said Hanlon rendered valuable service to said defendants and each of them in and about the premises since May or June, 1884, up to the twenty-ninth day of January, 1890." Appellants assailed this averment by special demurrer, as ambiguous and uncertain; and in their briefs they argue that it is uncertain because no particular action or proceding is stated in which any of the alleged services were ren-

dered, no time given at which any part of the services were rendered, no facts stated which would enable defendants to prepare a defense, etc.   We think, however, that the averment comes within the provision of section 454 of the Code of Civil Procedure, and that appellants should have demanded a bill of particulars under that section of the code.   (*Tompkins* v. *Mahoney*, 32 Cal. 231; *Hart* v. *Spect*, 62 Cal. 187.)

2. Appellants contend that the demurrer should have been sustained, because the complaint fails to aver nonpayment of the amount sued for.   The averment on that subject is as follows: " Plaintiff, upon his information and belief, alleges that said services were reasona<sup>b</sup>ly worth the sum of $750, and defendants have paid the sum of $200 on account, and in part payment thereof, leaving the sum of $550 unpaid thereof."   This form of averring non-payment would certainly not gratify the taste of an accomplished and experienced pleader. The present participle is not a part of speech particularly well adapted to carrying a predicate.   But under our liberal system, which expressly provides that " the court must, in every stage of an action, disregard any error or defect in the pleading . . . . which does not affect the substantial rights of the parties," we think that the averment in question must be allowed to pass muster. And it must be considered as of the date of the filing of the complaint, although it appears that the cause of action was assigned to plaintiff on the day before the action was commenced.

Moreover, we think that if the averment could be deemed defective for the reason above considered, the defect was supplied by the answer.

The judgment is affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.