Orange Co. v. Carmichael Co., 17 N. M. 69.

[No. 1455, February 6, 1912.]
ORANGE SAW MILL COMPANY, Appellant, v. CAR-
MICHAEL LUMBER COMPANY, Appellee.

### SYLLABUS.

1.  Held that the plaintiff, having failed to deliver a copy
of the account, properly demanded under sub-division 69 of
Sec. 2685, C. L. 1897, and the defendant having interposed
objection, evidence of the account was properly excluded.

Appeal from the District Court of Chaves County, before
WILLIAM H. POPE, Chief Justice.    Error.

NISBETT & NISBETT, for Appellant.

R. E. LUND, for Appellee.

Object of statute is to apprise a party of a specific de-
mand of his adversary.    Dwight v. Germania L. I. Co.,
84 N. Y. 509; Blackburn v. Washington Gold Min. Co.,
53 Pac. 369; Ingram v. Washkah Boom Co., 77 Pac. 34;
Willis v. Bailey, 19 Johns. 268; 26 Pac. 537; vol. 6 Enc.
Pl. & Pr. 802.

Purpose of bill of particulars, 3rd vol. Enc. P. & Pr. 519.

### STATEMENT OF FACTS

Suit was begun by appellant in the District Court of
Chaves County to recover from appellee the sum of $80.72,
alleged to be the unpaid balance for certain goods, wares
and merchandise sold appellee by A. E. Smith & Sons
Lumber Company, who thereafter assigned the account to
appellant.    The appellee answered, denying the indebted-
ness, and thereafter, and prior to trial, demanded in writ-
ing of the appellant a copy of the account basing such de-
mand upon provisions of Sec. 69 of the Code of Civil Pro-
cedure.    Appellant failed to furnish such account, and
upon the trial, objection was interposed by appellee to the
admission of any evidence tending to prove such account.
The Court excluded all proffered testimony and appellant
necessarily failed to establish its case, and judgment went
for the appellee, from which judgment this appeal is prose-
cuted.

## OPINION OF THE COURT.

ROBERTS, C. J.—The only proposition involved in this case is the construction of Sec. 69 of the Code of Civil Procedure, which is as follows:

"It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within ten days after the demand thereof in writing, a copy of the account or be precluded from giving evidence thereof, etc."

No itemized statement of the account was set forth in the complaint or attached thereto. From the record in the case it appears that the attorney for appellee demanded in writing of appellant's attorneys, about four months before the trial of the case, an itemized statement of the account, which was never furnished him. Upon the hearing, counsel for appellant contended that an itemized statement of the account was attached as an exhibit to a deposition theretofore taken, and which was on file .in the office of the clerk of the District Court, from which appellee's counsel could have obtained the information desired.

The statute is peremptory, and upon proper demand, it was incumbent upon the plaintiff to furnish the itemized statement, and the mere fact that depositions may have been on file in the clerk's office, which contained an itemized statement of the account, will not obviate the plain provision of the statute. Upon the trial of the case the plaintiff might not have read the depositions, and could have proven an entirely different account. The defendant was entitled to be served with a copy of the account, upon which the plaintiff expected to rely at the trial of the case.

Several states have practically the same provision as Sec. 69 of our Code of Civil Procedure. The Court of Appeals of Colorado, in the case of Scott et. al. v. Frost, 36 Pac. 910, held that a similar statute was peremptory in this regard, and that, upon demand, the plaintiff was required to furnish the defendant with a copy of the account, and that if he failed to do so the Court could not permit any evidence to be introduced as to such account. The Supreme Court of Minnesota, in the case of

Lonsdale v. Oltman, 52 N. W. 131, announces the same rule. Appellant could have avoided the penalty of the statute by a compliance with its terms, which are clear and explicit.

A practice, to be established, either by statute or rule of the District Court, requiring notice to the Court and opposing counsel, prior to the trial, that defendant intends to rely upon want of service of a copy of the account would be highly beneficial. In this way the time of the Court would not be consumed with fruitless litigation in this class of cases and all danger of surprise to the parties would be eliminated.

The Court properly excluded the proffered testimony and the judgment should be affirmed.