[Civ. No. 1302. First Appellate District.—October 29, 1913.]

WILLIAM NICOL COMPANY ( a Corporation), Respondent, v. DOROTHEA CAMERON, as Executrix of the Will of William Ladd, Deceased, Appellant.

ESTATE OF DECEDENT—ACTION ON CLAIM—SUFFICIENCY OF COMPLAINT.—
A complaint, in an action against an executor on a promissory note executed by the decedent, which alleges the nonpayment of the original obligation and its due presentation to and rejection by the executor, sufficiently states a cause of action, and it is not necessary to further aver that the executor has not paid the claim.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

D. I. Mahoney, for Appellant.

A. G. Lyon, for Respondent.

RICHARDS, J.—This is an action upon a claim presented to the appellant, as executrix of the last will of William Ladd, deceased, based upon a promissory note for the sum of three hundred dollars, executed by said decedent to plaintiff in his lifetime and unpaid at the time of his decease.

In its second amended complaint the plaintiff sets forth the note in full, with the usual averments of the due execution and delivery of the same, and then avers the death of the decedent, the due appointment of appellant as the executrix of his estate, the proper presentation of the claim, and the averment that the executrix ''had neglected and refused and still neglects and refuses to approve said claim.''

To this complaint the executrix answered in the form of a general denial, and thereafter and at the time of the trial the plaintiff was allowed to amend his said complaint by adding the averment ''that said note has not been paid.''

The case was tried upon the issues thus presented; and plaintiff having recovered judgment for the amount of its claim and for its payment in due course of administration, the executrix prosecutes this appeal upon the judgment-roll.

It is the contention of the appellant that the complaint does not state facts sufficient to constitute a cause of action for the reason that it is not averred therein that ''the *claim* has not been paid.''

This contention is without merit. The complaint averred that the note had not been paid, and that the executrix had neglected and refused and still neglects and refuses to approve the claim. The defendant did not demur to the complaint, but answered to the merits, and went to trial and judgment without, so far as the record shows, making any point as to the sufficiency of the complaint in the lower court. At worst, we think the complaint was only subject to a special demurrer upon the ground of uncertainty, which not having been presented, the point was waived.

Aside from this suggestion, however, it may be said that in an early and well considered case differing in no material respect from the case at bar, it was held that a complaint, alleging the nonpayment of the original obligation and its due presentation to and rejection by the administrator, sufficiently stated a cause of action, and that it was not necessary to

further aver that the administrator had not paid the claim. (*Wise* v. *Hogan,* 77 Cal. 184, 188, [19 Pac. 278].)

The appellant also contends that the findings are insufficient to support the judgment; but since this objection is wholly based upon the first contention of the appellant as to the sufficiency of the complaint it must necessarily fall with that contention.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.