[Civil No. 1381.    Filed June 23, 1914.]

[141 Pac. 736.]

## W. STANSFIELD, Appellant, v. J. C. DUNNE and MRS. J. C. DUNNE, His Wife, Appellees.

1. ASSUMPSIT, ACTION OF—COMPLAINT—COMMON COUNTS.—A complaint containing the common counts states a cause of action.

  [As to how common counts are admissible under the code system of pleading, see note in 57 Am. Dec. 544.]

2. ACCOUNT, ACTION ON—BILL OF PARTICULARS AND COPY OF ACCOUNT—PLEADING.—In view of Civil Code of 1913, paragraph 421, providing that a party need not set forth in his pleading the items of an account sued on, but shall deliver to the adverse party, after demand, a copy of the account, etc., where a pleading is based on an account, the items of which are not set out in full, the remedy of the adverse party is a bill of particulars, and not a motion to make more definite and certain.

3. MONEY LENT—PLEADING.—A complaint alleging various loans at different times to defendant and the aggregate of all such loans, a promise to repay on demand, a demand, and a failure and refusal to repay stated a cause of action, without alleging the time or the amount of each separate loan.

4. PLEADING—MOTIONS—MAKING MORE DEFINITE AND CERTAIN.—The province of a motion to make more definite and certain is not to require the pleader to set forth his evidence, but is applied when he has stated a cause of action so imperfectly and incompletely as not to make apparent the precise nature of the charge or defense.

5. PLEADING—GENERAL DEMURRER—GROUNDS.—If a pleading states no cause of action or defense, general demurrer is the remedy.

6. PLEADING—MOTIONS—AMENDED PLEADINGS.—If a pleading states a cause of action or defense in language so indefinite and uncertain that the precise nature of the charge or defense is not apparent, and, because of its obscurity, the adverse party is not willing to proceed to trial, he may move to require it to be amended.

7. PLEADING—MOTIONS—MAKING MORE DEFINITE AND CERTAIN.—In an action on account for money lent, the court erred in dismissing plaintiff's complaint because of his failure to make it more definite and certain by stating the dates and amounts of each separate loan, as it might have been impossible for her to do so.

APPEAL from a judgment of the Superior Court of the County of Pima.    Wm. F. Cooper, Judge.    Reversed and remanded.

The facts are stated in the opinion.

Mr. W. Fred Kain, for Appellant.

Mr. John H. Campbell and Mr. Kirk T. Moore, for Appellee.

ROSS, J.—The appellant, who was the plaintiff below, brought her action against the appellees, defendants below, in general *assumpsit* on the common count for money lent without giving the date of any of the loans. The allegations were:

"That the plaintiff lent to the defendants, at their request, at different times, divers and sundry sums of money amounting in the aggregate to $600, which the defendants promised to repay on demand; that the plaintiff duly demanded payment of the same from the defendants; that the sum of $15 was paid by the defendants, and no more, leaving a balance of $585 still owing by defendants."

The defendants moved the court to require plaintiff to make the complaint more definite and certain, so that the same would disclose the dates of loans and the amount of each loan. The motion was granted as prayed.

Thereafter, and in response to the court's order, plaintiff filed an amended complaint, as follows:

"II. That the plaintiff lent to the defendants, at their request, at different times between about the 1st day of January, 1909, and the 1st day of January, 1911, divers and sundry sums of money, amounting in the aggregate to six hundred ($600.00) dollars, which the defendants promised to repay on demand.

"III. That the plaintiff duly demanded payment of the same from the defendants.

"IV. That the sum of fifteen ($15.00) dollars was paid by the defendants, and no more, leaving a balance of five hundred eighty-five ($585.00) dollars still owing by defendants.

"V. That on or about the 19th day of January, 1912, and on or about the 17th day of March, 1912, the defendant Mrs. J. C. Dunne acknowledged to plaintiff her said indebtedness to the plaintiff, and promised to pay the same, which said acknowledgments and promises were contained in several writings signed by the said defendant Mrs. J. C. Dunne. That on or about the 19th day of January, 1912, the defendant

Mrs. J. C. Dunne acknowledged to plaintiff for herself and her husband their said indebtedness to the plaintiff, and promised for herself and her husband that they would pay the same, which said acknowledgment and promise was contained in a writing signed by said defendant Mrs. J. C. Dunne.''

Thereupon defendants moved the dismissal of complaint and for judgment, for the reason that plaintiff had not complied with the order of the court requiring her to give dates of loans and amount of each separate loan. Also answered by general denial.

Motion to dismiss was granted, and judgment for costs entered against plaintiff. The appeal is prosecuted from the judgment.

It is the contention of the plaintiff that the complaint stated a cause of action, and we assume that the defendants admit this contention, as they did not file any demurrer to it. It seems to be well settled, at least in most of the code states, that a complaint containing the common counts is good. *Allen* v. *Patterson,* 7 N. Y. 476, 57 Am. Dec. 542, and note; *Pleasant* v. *Samuels,* 114 Cal. 34, 45 Pac. 998; 4 Cyc. 339, 340.

It is next contended that defendants mistook their remedy; that they should have moved for a bill of particulars, and not to make more definite and certain. We are in entire accord with this contention. For, indeed, our statute (paragraph 421, Ariz. Rev. Stats. 1913) provides that:

''It shall not be necessary for the party to set forth in a pleading the items of an account therein alleged, but he shall deliver to the adverse party within ten days after a demand therefor, in writing, a copy of the account, or be precluded from giving evidence thereof. The court or a judge thereof may order a further account when the one delivered is too general or is defective in any particular.''

This section was taken from California (Code Civ. Proc., sec. 454), and has been passed upon by that court both before and after it was adopted by us. In *Pleasant* v. *Samuels, supra,* the common count objected to was:

''That defendant is indebted to the plaintiff in the sum of $32,364.06 on account of moneys heretofore, at the special instance and request of defendant, paid, laid out, expended, loaned and advanced to and for the defendant by the plaintiff,

and that the defendant had not paid to plaintiff any part or portion of said sum.''

In that case the court said, at page 37 of 114 Cal., page 999 of 45 Pac.:

''1. The objection that the common counts are inconsistent with the provision of the code that a complaint must state the facts constituting the cause of action in ordinary and concise language, and are therefore insufficient, is not tenable. It was held in this state at an early day, and has since been repeatedly held, that the common counts may be used to state a cause of action, notwithstanding the provision referred to, which was found in the old statutes, and was adopted into the code. *Freeborn* v. *Glazer,* 10 Cal. 337; *Abadie* v. *Carrillo,* 32 Cal. 172; *Farwell* v. *Murray,* 104 Cal. 464, 38 Pac. 199. And this rule has been recognized and acted upon in most of the states where the code practice has been adopted. *Allen* v. *Patterson,* 7 N. Y. 476 [57 Am. Dec. 542] ; *Cudlipp* v. *Whipple,* 11 N. Y. Super. Ct. 610; *Grannis* v. *Hooker,* 29 Wis. 65; *Ball* v. *Fulton Co.,* 31 Ark. 379; Pom. Code Rem., secs. 542, 543. The first count was therefore not subject to a general demurrer. Was it then ambiguous, unintelligible or uncertain in any material respect? It was not necesssary to state when the plaintiff paid, laid out, expended, loaned or advanced to and for the defendant the moneys sued for, or when defendant became indebted to plaintiff therefor, or when defendant requested plaintiff to make such payments, expenditures, loans or advancements. Nor was it necessary to set forth the items of the account. The statute expressly provides that the items of an account need not be set forth in a pleading, but a bill of particulars must be furnished on demand. Code Civ. Proc., sec. 454. If, therefore, the defendant desired more particular information as to the account, he should have resorted to the remedy provided for by the statute, and not to a demurrer. *Wise* v. *Hogan,* 77 Cal. 184, 19 Pac. 278; *Burns* v. *Cushing,* 96 Cal. 669, 31 Pac. 1124; *Rogers* v. *Duff,* 97 Cal. 66, 31 Pac. 836; *Farwell* v. *Murray,* 104 Cal. 464, 38 Pac. 199.''

A motion to make more definite and certain is no more applicable than a demurrer, for the reason that the complaint is as definite and certain as the law requires it to be. In other words, in language complete, sufficient, perfect and

formal the complaint states a cause of action. Neither the time when nor the amount of each separate loan is an essential allegation (*Backus* v. *Clark*, 1 Kan. 303, 83 Am. Dec. 437; *Pleasant* v. *Samuels, supra*); and time would become essential only when the statute of limitation is interposed, and is then a matter of proof, and not of pleading. The province of the motion to make more definite and certain is not, as we understand it, to require the pleader to set forth his evidence, but is applied when he has stated a cause of action so imperfectly and incompletely as not to make "apparent the precise nature of the charge or defense." Section 474, Rev. Stats. 1913. It is said in *American Book Co.* v. *Kingdom Pub. Co.*, 71 Minn. 363, 366, 73 N. W. 1089, 1090:

"This motion (definite and certain) is available when the allegations in a pleading are so indefinite that the precise nature of the cause of action or of the defense is not apparent. If the court can see the meaning of the different allegations, and the cause of action or the defense intended to be set forth by them, the pleading is not indefinite. Nor can it be pronounced uncertain if the nature of the charge or of the defense is apparent. 1 Stover's N. Y. Ann. Code, sec. 506, and notes; 6 Ency. Pl. & Pr. 274, and notes."

If a pleading states no cause of action or defense, general demurrer is the remedy. If it states a cause of action or defense in language so indefinite and uncertain that the precise nature of the charge or defense is not apparent, and, because of its obscurity, the adverse party is not willing to proceed to trial, he may move to require it to be amended. If the pleading is based on an account, the items of which are not set out in full, the adverse party may demand a bill of particulars. But in no case should the motion be made to take the place of the demurrer, nor, as in this case, to take the place of a bill of particulars.

It follows that the first order of the court requiring the plaintiff to "disclose the dates when the plaintiff loaned to defendants money, and the amount so loaned on each of said dates" was improvidently made. The defendants, upon a proper motion, were entitled to a bill of particulars giving the items of account sued upon and the dates, or approximate dates, of the loans, but they were not entitled to have these set out in the complaint. However, plaintiff, in response to

the erroneous order of the court, and in the only way we know of that he could obey the order, filed an amended complaint. This amended complaint did not "disclose the dates and the amount so loaned on each of said dates," but gave the total amount of loans and the dates between which they were made, and, in addition, alleged written acknowledgments of the indebtedness by the defendants, for the purpose, we presume, of tolling the statute of limitation. Whereupon the court dismissed the complaint, "for the reason that the plaintiff has not complied with the order of this court." It may have been impossible for the plaintiff to give the dates of loans and amount of each loan. As is often the case, no books of account may have been kept. These facts could be set up and sworn to in a bill of particulars, but would have no place in the complaint. We should not penalize the plaintiff to the extent of denying her a trial, simply because she failed to set out in her complaint the dates of the loans. Such a standard of exactness about an immaterial matter would effectually bar the doors of the courts to many honest creditors, for it is common knowledge that money is often loaned with no record of dates or amounts, except memory aided by association and circumstances.

The ruling of the court, if upheld, would announce the novel proposition that dates and not debts are the essentials to a good pleading on account.

We are satisfied that the defendants mistook their remedy, and that the court was thereby led to commit error in making the order requiring the plaintiff to make her complaint more definite and certain by setting forth the dates of each item of loan and the amounts of each separate loan, and that the order of dismissal and judgment for defendants for noncompliance with such erroneous order, were also contrary to the law.

Judgment is reversed, and cause remanded for reinstatement and such disposition as the law may require.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.