[L. A. No. 4213. Department One.—April 17, 1918.]

## ELLA J. REED, Respondent, v. ETHEL M. REED, Executrix, etc., Appellant.

ESTATES OF DECEASED PERSONS—ACTION ON CLAIM—CONSTRUCTION OF COMPLAINT.—Where, in a complaint against an executor to recover money paid by the plaintiff to the defendant's testator on a transfer of corporation stock, it is alleged that the defendant's testator made false representations as to the value of the stock which was in fact worthless, and stated that he would consider the money as a trust fund and would guarantee the plaintiff against any loss, and that if the stock proved valueless he would repay the sum paid for it, and there was no allegation that the plaintiff offered to rescind the contract and return the stock, the most that can be said of the complaint is that it states a cause of action for money upon an implied contract.

ID.—FAILURE TO ALLEGE PRESENTATION OF CLAIM—COMPLAINT INSUFFICIENT.—As an action for money on an implied contract, such complaint is insufficient, under sections 1493 and 1500 of the Code of Civil Procedure, for failure to allege the presentation of the claim to the executor, and rejection thereof before the beginning of the action.

ID.—TRUST IN SPECIFIC PROPERTY—FAILURE OF NECESSARY ALLEGATION. A complaint in such case is also insufficient to charge the defendant executor as trustee of specific property, where it contains no allegation showing that the executor had come into possession of such property, and that it was charged with a trust in favor of the plaintiff.

ID.—JUDGMENT AGAINST EXECUTOR—FORM OF JUDGMENT.—Where there are no allegations to uphold a personal judgment against an executor, judgment upon a demand against the decedent should be made payable out of the assets of the estate in due course of administration.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

W. A. Alderson, for Appellant.

Dennison & Towner, for Respondent.

SHAW, J.—The defendant appeals from a judgment and from an order denying her motion for a new trial. We think the appellant's claim that the complaint does not state sufficient facts to constitute a cause of action or to support the judgment of the court below is well taken. The action was against the defendant as the executrix of the estate of Henry A. Reed, deceased. It set forth that in the lifetime of decedent the plaintiff had given said decedent the sum of $2,250 as the purchase price of certain stock in a corporation known as the Southwestern Sugar Company, which said decedent agreed to transfer to the plaintiff for said sum of money. It further alleges that the corporation was insolvent and that the stock was worthless; that the decedent represented to her that it was of great value and worth the price which she agreed to pay therefor, and by that means obtained from her the said sum of money and the agreement to purchase the stock, and that the decedent further represented that he would consider the money as a trust fund and would guarantee plaintiff against any loss, and that if the stock should prove to be of no value, he would repay the money so paid by plaintiff. It is alleged that the representations made by the decedent were false and untrue and that the stock was in fact of no value. There is no allegation that the plaintiff ever

offered to rescind the contract and return the stock, or that any claim for the money sued for against the decedent's estate was ever made or presented by the plaintiff, or that the defendant, as executrix, ever received the money paid by the plaintiff to the decedent. There is nothing in the complaint sufficient to state a cause of action to charge the executrix as trustee of any specific property belonging to the plaintiff. The judgment itself purports to be a personal judgment in favor of the plaintiff against the defendant Ethel M. Reed, executrix of the estate of Henry A. Reed, deceased, for $2,123.83 and costs. It is not made payable in due course of administration nor charged against the estate of decedent.

It is well settled that a suit against an executrix to enforce a money demand upon contract cannot be maintained unless a claim therefor is presented to the executrix and is rejected prior to the beginning of the action (Code Civ. Proc., secs. 1493, 1500). The most that can be said of this complaint is that it states a cause of action for money upon an implied contract against the decedent. It is, therefore, insufficient, because of the failure to allege the presentation of the claim. If the intention was to charge the defendant executrix as trustee of specific property, the complaint should have contained allegations showing that she had come into possession of such property and that it was charged with a trust in favor of the plaintiff. No allegations tending to show such a case are contained in the complaint. Furthermore, there are no allegations to uphold a personal judgment against the executrix, and a judgment upon a demand against the decedent should have been made payable out of the assets of the estate in due course of administration. We find no ground upon which the judgment can be upheld.

The judgment and order are reversed.

Richards, J., *pro tem.*, and Sloss, J., concurred.