[Civil No. 2688. Filed February 6, 1928.]

[263 Pac. 943.]

LOUIS PROTO, Administrator With the Will Annexed of the Estate of ANTONIO PROTO, Deceased, Appellant, v. W. F. CHENOWETH, Appellee.

Messrs. Duffy & Robins, for Appellant.

Messrs. Noon & Noon, for Appellee.

ROSS, C. J.—The plaintiff, W. F. Chenoweth, a regularly licensed physician, brought this action to establish a claim against the estate of the defendant's testator, which he had previously presented to the administrator for allowance. In his complaint he alleges as the basis of his claim:

"That during the lifetime of Anton Proto, and at his instance and request, plaintiff rendered professional services to the said Anton Proto and to various other persons from June 1st, 1921, to November 1st, 1923, and attended said deceased during his last illness, and that said services were reasonably worth the sum of fourteen thousand ($14,000.00) dollars."

Attached to the complaint as an exhibit was a copy of his verified claim, as presented to the administrator for allowance, the material part of which is in words and figures as follows:

"Estate of Anton Proto, Sr., Deceased, to Dr. W. F. Chenoweth, Dr.

"Dec. 1, 1923.

"To professional services from June 1, 1921, to November 1st, 1923, rendered the said deceased during his last illness and continuously excepting August, 1922, at $500 per month for 28 months, $14,000.

"The above charges do not include bill for medicines furnished, nor for services rendered prior to June 1st, 1921, nor the greater part of November, 1923, nor for the following list of miners treated in their homes: Julio Rodriguez and wife, Ajal, Angelina Arizmoac, Angelita Robles, Ignacia Garcia, and office treatments for many miners brought in by Mr. Proto, whose names I did not record. The bill does not include relatives and employees of ranch whom I treated by order of Mr. Proto, including Barreda family at ranch and in Nogales, Maria de Baldarma, Alex Proto from ranch, Mr. Proto's sister, Mrs. Proto, mother of Marcus, his nephew, Thomas, and latter's wife.

"When this bill is paid as above rendered, these charges against the estate, not included indicated above, will be canceled.

"[Signed] W. F. CHENOWETH."

The defendant answered by general demurrer and general denial. The case was tried to the court without a jury and resulted in a judgment in favor of plaintiff in the sum of $10,000.

The action was filed September 17th, 1924, and on September 30th, 1924, defendant demanded of plaintiff and his attorneys a bill of particulars, or a copy of plaintiff's account against the estate. On October 1st, 1924, plaintiff, in response to defendant's demand, delivered to the latter's attorneys the following statement "for the information of the defendant":

"To professional services rendered the said Anton Proto during his lifetime, and to various other persons at his instance and request, from June 1st, 1921, to November 1st, 1923, excepting the month of August, 1922, or for 28 months at $500 per month, $14,000.

"Nogales, Arizona, October 1, 1924.

"[Signed] W. F. CHENOWETH."

Being dissatisfied with this so-called bill of particulars, defendant, on October 6th, 1924, moved the court to require plaintiff to make the same more specific. On June 3d, 1926, plaintiff, either under the direction of the court or voluntarily (which, the record does not show), delivered to defendant's attorneys another so-called bill of particulars and on June 4th filed a copy thereof with the clerk "for the information of the defendant." Such paper is as follows:

"To professional services rendered Anton Proto for the months of:
June, 1921 .............................$500.00
July, 1921 ............................. 500.00"

—and so on, down to and including October, 1923, or 29 months, at $500 per month.

The defendant on this appeal makes many assignments of error. The first one is that the court erred in overruling the general demurrer. Under this assignment it is claimed the cause of action set out is too uncertain and indefinite in its facts, in that it failed to set out the items or the particular professional services rendered the deceased by plaintiff. However, under our practice we do not believe that it is a ground for demurrer. Indeed, paragraph 421, Civil Code of 1913, expressly provides that it shall not be necessary to set forth in a pleading the items of an account therein alleged. This provision of our statute is in all material ways an exact copy of paragraph 454, Code of Civil Procedure of California. The decisions of that state are uniform, we believe, to the effect that the items of indebtedness need not be specifically set forth in the complaint. *Pike* v. *Zadig*, 171 Cal. 273, 152 Pac. 923; *Tompkins* v. *Mahoney*, 32 Cal. 231; *Wise* v. *Hogan*, 77 Cal. 184, 19 Pac. 278.

In *Stansfield* v. *Dunne*, 16 Ariz. 153, 141 Pac. 736, the point was made that a complaint alleging a cause of action on a common count was insufficient. Referring to our provision, paragraph 421, *supra,* we held that the complaint was sufficient.

The defendant insists the general demurrer should have been sustained as no claim was presented to the administrator for allowance for services rendered "various other persons." The account presented for allowance was only for professional services rendered the deceased, and, under the statute and decisions, items of service to "various other persons" were improperly included in the complaint. Paragraph 889, Civil Code; *Irish* v. *Brannen,* 22 Ariz. 91, 194 Pac. 333; *Reed* v. *Reed,* 178 Cal. 187, 172 Pac. 600. The inclusion of these items in the complaint with the claim that was presented for allowance, although improper, did not make the

complaint demurrable for want of facts. That allegation should have been stricken from the complaint and doubtless would have been upon motion.

The next assignment is that the court erred in permitting the plaintiff to testify as to the services rendered the deceased, for the reason that, although a demand had been made for a copy of plaintiff's account, or a bill of particulars, none had been delivered to defendant or his attorneys, and under paragraph 421 plaintiff should not have been permitted to introduce any evidence to support his complaint. The facts in connection with this contention we have heretofore stated. Paragraph 421 reads as follows:

"It shall not be necessary for the party to set forth in a pleading the items of an account therein alleged, but he shall deliver to the adverse party within ten days after a demand therefor, in writing, a copy of the account, or be precluded from giving evidence thereof. The court or a judge thereof may order a further account when the one delivered is too general or is defective in any particular."

The reasons given by the courts of Code states, with a provision like our paragraph 421, for holding a pleading not setting forth the items of an account as invulnerable to demurrer, is that the adversary may have a copy of the account upon demand. The very provision of the statute relieving the pleader from pleading the facts of the account imposes upon him the duty to furnish his opponent the data omitted from the pleading, and precludes his giving any evidence of the account if he fails to furnish it. Clearly the permissible omission in paragraph 421 disregards the other statutory provision (par. 419, Civ. Code), that "the pleadings shall consist of a concise statement of the facts constituting the plaintiff's cause of action, or the defendant's ground of defense," unless such omission is sup-

plied in the form of a bill of particulars. The common count in the face of the last provision finds no justification and can only be reconciled therewith by holding that the pleader who uses it must comply with the provisions of paragraph 421, and, when demanded, deliver a copy of his account to the adversary party.

In *Knight* v. *Russ,* 77 Cal. 410, 19 Pac. 698, it is said:

"It is sufficient to state the facts constituting the cause of action in ordinary and concise language, and, if the defendant desires further particulars, he may call for them, and they must be given him within a limited time. Code Civ. Proc., pars. 426, 454."

This was a suit by an attorney for professional services.

In *Burns* v. *Cushing,* 96 Cal. 669, 31 Pac. 1124, also an action for attorney's fees, the court, in passing on demurrer to the complaint said:

"We think, however, that the averment comes within the provision of section 454 . . . Code of Civil Procedure, and that appellants should have demanded a bill of particulars under that section of the Code."

The reason for requiring an itemized statement of the account, consisting of items and transactions running over a considerable period of time, is obvious. It is to inform the adverse party with what he is charged and to afford him an opportunity to marshal his evidence to meet the charges, otherwise he can justly plead surprise and lack of preparation; and especially is that true in a case like the one at bar. Even if Proto were alive and himself the defendant, instead of his personal representative, in all fairness he would be entitled to an itemized statement of what he owed—if not before suit, at least before trial. How much more is the need of such in-

formation on the part of his administrator, who must prepare the defense without any personal knowledge whatever of the items going to make up the claim against his testator! It is not unreasonable nor harsh treatment to require one, claiming to have rendered professional services on divers times and occasions for another, to furnish the latter, or his personal representative, a statement of such services in itemized form.

It appears that the courts of those states whose statutes are like our paragraph 421, when the question of the rights of a party failing to furnish a bill of particulars on demand has arisen, have held the statute is peremptory, precluding such delinquent from offering any evidence of his account. *Sanborn* v. *Dentler,* 97 Wash. 149, 6 A. L. R. 749, 166 Pac. 62; *Orange Saw Mill Co.* v. *Carmichael Lumber Co.,* 17 N. M. 69, 121 Pac. 608; *Lonsdale* v. *Oltman,* 50 Minn. 52, 52 N. W. 131. In the Sanborn case the action was by a physician for medical services and medicines, and upon the question we have here the court quoted from *Moore* v. *Scharnikow,* 48 Wash. 564, 94 Pac. 117, the following language:

"In a mercantile account, or in any account which is made up of several and distinct items, it is proper for the court to require that the value of each article be separately stated. So also a physician, since he bases the value of his services on the number of visits made the patient, or the number of prescriptions given him, may be required to set out in his bill of items the charge made for each visit, or each prescription."

And added:

"It certainly was as possible for respondent to itemize the quantity and value of the medicine furnished by him at each visit, when making his entries in his book, as it was for him to itemize the number and length of his visits, the nature of the other services performed by him, and the kind of medicines

furnished. If he could not, he is the one who should suffer. Under the statute heretofore quoted (Rem. Code, § 284), we think his evidence as to the amount and value of the medicines furnished should have been excluded for his failure to furnish, upon demand, a bill of particulars thereof.''

In the Orange Saw Mill case the court said:

''The statute is peremptory, and upon proper demand it was incumbent upon the plaintiff to furnish the itemized statement. . . .

''Several states have practically the same provision as section 69 of our Code of Civil Procedure. The Court of Appeals of Colorado, in the case of *Scott et al.* v. *Frost,* 4 Colo. App. 557, 36 Pac. 910, held that a similar statute was peremptory in this regard, and that, upon demand, the plaintiff was required to furnish the defendant with a copy of the account, and that if he failed to do so the court could not permit any evidence to be introduced as to such account. The Supreme Court of Minnesota, in the case of *Lonsdale* v. *Oltman,* 50 Minn. 52, 52 N. W. 131, announces the same rule. Appellant could have avoided the penalty of the statute by a compliance with its terms, which are clear and explicit.''

We have thus far considered the point under discussion as though no bill of particulars was served upon defendant or filed with the court upon its order, and in doing so we are satisfied we are right. What was served upon defendant as bills of particulars did not in the least amplify or explain the general allegations of the complaint. The difference in the first bill of particulars and the complaint was merely verbal; the second one changed the claim from one for services rendered the deceased ''and various other persons'' to one for services rendered the deceased only; but in neither was there any inkling given defendant as to the number of visits made deceased, or the number made ''various other persons,'' or the character of treatment administered or medicines furnished. Since the rule

is that a bill of particulars limits the proof at the trial to the items or particular services therein set forth, the effect, and the only effect, of the last so-called bill of particulars, was to eliminate any claim for services rendered "various other persons" thus bringing the claim within the demand filed with the administrator for allowance. When the complaint and the two so-called bills of particulars are taken and considered together, they not only do not inform defendant what he is required to meet but leave the issues in extreme confusion and obscurity.

The complaint and last bill of particulars inform us that the services rendered deceased were so rendered, at his instance and request, continuously for twenty-eight months, and that they were reasonably worth $500 per month. We understand from this allegation that the services were accepted and rendered under a mutual contract and as occasion demanded, but without any agreement as to the price to be paid or received for the various items of services. Under such circumstances the law says that the party receiving such services shall pay their reasonable value and no more. Now, how is that to be determined? It can only be determined by finding out what was done for the deceased and, by witnesses familiar with the value of that kind of services, prove their value. How necessary, then, it was that defendant should have been informed, in advance of the trial, of the amount and character of services claimed to have been rendered to his testator, that he might prepare his defense! To exempt a plaintiff from this duty would not only disregard the statute, enacted expressly for the guidance of the court, but leave a defendant, such as the one here, and his testator's estate without much, if any, protection.

As was said in *Scott* v. *Frost,* 4 Colo. App. 557, 36 Pac. 910:

"The statute is peremptory. Upon demand, he (plaintiff) shall furnish the itemized account, and, upon failure to do so, 'shall be precluded from giving evidence thereof.' The court erred in receiving any evidence without the accounts. Defendants were entitled to be informed not only of gross amounts claimed to be due, but of each item going to make up the aggregate."

We will not enter upon a consideration of the case upon its merits. We have no doubt plaintiff rendered valuable services to deceased. Knowing him, as we do, as a man of high character, professional learning, skill and experience, we are satisfied his claim is made in good faith and that he was entitled to some compensation for his services, based, however, upon the reasonable value thereof. Unfortunately for him, his demand was not presented on the trial as the law provides that it should have been, and, no matter how much we might like to help him, we must follow the law. This is necessary, because it is far more important that a general rule be established to guide all persons—as well those with just claims as those with unjust claims—than that we ignore the law for a particular instance of seeming merit.

Under the law, it was error to permit plaintiff to introduce any evidence in support of his complaint, he having failed to furnish defendant, within ten days or at all after demand therefor, a bill of particulars or a copy of his account, and without such evidence there was no case made out.

The judgment should have gone for the defendant. and, for that reason, it is reversed, and the cause remanded, with directions to enter judgment in favor of defendant.

LOCKWOOD and McALISTER, JJ., concur.