[Civil No. 4496.   Filed February 8, 1943.]

[134 Pac. (2d) 158.]

C. P. MARSTON, Appellant, v. ROBERT DENTON, Administrator of the Estate of W. A. Young, Deceased, Appellee.

Mr. Burt H. Clingan and Mr. Ross F. Jones, for Appellant and Mr. Leon S. Jacobs, of Counsel.

Mr. Robert Denton, Appellee for Himself.

McALISTER, C. J.—C. P. Marston brought an action against Robert Denton, as administrator of the estate of W. A. Young, deceased, to recover $2370 claimed to be due him upon a promissory note.

The complaint alleges that on January 25, 1935, W. A. Young made a promissory note payable to Helen Eaton Marston, wife of plaintiff, for $7,500, together with a chattel mortgage securing the same, and that he delivered both the note and mortgage to plaintiff and his wife, who that day filed the same in the office of the county recorder of Pinal County, Arizona, where they appear of record in Book 6, page 395, Chattel Mortgages, that plaintiff and wife are the legal owners and holders of said note and mortgage; "that no part of said note has been paid and that there is owing on said note and mortgage the sum of Two Thousand Three Hundred Seventy and no/100 Dollars ($2370.00) ''; that on the 28th day of April, 1940, said W. A. Young, then a resident of Pinal County, died intestate and thereafter defendant was appointed administrator of his estate; that he duly qualified and received letters of administration; that he caused notice to creditors to be published requiring all persons having claims against the estate to present them to the administrator within ten months after the first publication of the notice, which was on June 7, 1940; that within this period the plaintiff presented to the defendant his verified claim for allowance, but that said claim, a copy of which was attached to and made a part of the complaint, was, by the defendant, disallowed and rejected on April 8, 1941; that this is the claim upon which this action is founded.

The prayer was for judgment against defendant as administrator of the estate of W. A. Young, deceased, in the sum of $2370, payable out of the estate in due course of administration.

The following is a copy of the creditor's claim presented to the administrator and by him rejected:

"IN THE SUPERIOR COURT OF PINAL COUNTY, STATE OF ARIZONA

"In the Matter of the Estate of W. A. YOUNG, Deceased. } CREDITOR'S CLAIM.

"The undersigned, Creditor of W. A. Young, deceased, presents claim against the estate of said deceased, with the necessary vouchers for approval, as follows, to-wit:

"Estate of W. A. Young, Deceased.
"To C. P. Marston, Dr.

1941
Jan. 21    Moneys had and received by W. A. Young from C. P. Marston from April 3rd, 1934, to January 25th, 1935    $2370.00

"Secured by chattel mortgage filed January 25, 1935, in Book No. 6 of Chattel Mortgages, at Page 395, in the office of the Recorder of Pinal County, Arizona.

"STATE OF ARIZONA
"COUNTY OF MARICOPA } ss

"C. P. Marston, whose foregoing claim is herewith presented to the Administrator of the estate of said deceased, being duly sworn, says that the amount thereof, to-wit, the sum of Twenty-three hundred seventy ($2370.00) Dollars . . . is justly due to the said claimant, that no payments have been made thereon which are not credited and that there are no offsets to the same to the knowledge of said claimant.

"C. P. Marston

"Subscribed and sworn to before me, this 16th day of January, 1941.

"(Seal)                                Ellen M. Lebert,
                                       "Notary Public.

"My commission expires February 3, 1941."

Endorsed on back:

"In the
SUPERIOR COURT
of Pinal County,
State of Arizona

| In the Matter of the Estate of W. A. YOUNG,     Deceased. |
| --- |
| Claim of C. P. Marston For $2370.00 |
| The within claim presented to ROBERT DENTON Administrator of said deceased ~~is~~ ~~allowed~~ ~~and~~ ~~approved for $~~ this ——— day of ———, 19— |
| Allowed and approved for $—— this ——— day of ———, 19— |
| Superior Judge. |
| The within claim rejected this 8 day of April, 1941 Robert Denton, Admr." |

The defendant admitted in his answer that the foregoing is a true copy of the claim rejected by him, but denied that the action was founded upon it. He admitted also that the chattel mortgage, which was on file and recorded in the office of the county recorder of Pinal County, was signed by W. A. Young on January 25, 1935, but denied that it was delivered by W. A. Young to plaintiff and his wife, that it was given to secure the promissory note described in the complaint, or the payment of moneys had and received by Young from plaintiff, C. P. Marston, from April 3, 1934, to January 25, 1935, as set forth in the foregoing credit-

or's claim, that any consideration passed from plaintiff to deceased for it.

He further avers that plaintiff did not present to defendant for allowance a claim for the debt or cause of action alleged and sued upon in this action, nor any claim except the one a copy of which was attached to his complaint, and that he did not present with this claim a copy of the promissory note described in his complaint or of any contract or promise in writing, signed by Young, for the payment of money to him or his wife.

Some time after the answer was filed, the defendant moved that certain defenses, set up therein, be heard and determined before the trial and that the action be dismissed upon the ground that the plaintiff did not first present to defendant for allowance a claim for the demand sued upon in this case before commencing action. At the hearing on this motion counsel stipulated that a certified copy of the chattel mortgage referred to in the claim and in the complaint might be made a part of the record with the same effect it would have had if it had been attached to the claim itself. Thereupon the motion to dismiss was granted and it is this order and judgment the plaintiff has brought here for review.

The only assignment is that the court erred in dismissing the action upon the ground "that there was no suit brought upon a claim which had been heretofore presented to the administrator." The requirement of the statute, sections 38–1007 and 38–1008, Arizona Code 1939, is that no action shall be maintained on a creditor's claim against an estate, unless it has been first presented to and rejected by the administrator, except one to enforce a mortgage or lien against the property of the estate subject thereto. The position of the defendant is that the plaintiff presented to the administrator a claim for $2370 "for money had and re-

ceived'' by Young from him from April 3, 1934, to January 25, 1935, while his action is one for $2370 due on a promissory note for $7500, executed by Young on January 25, 1935, to Helen Eaton Marston. In other words, the creditor's claim for ''money had and received'' is so different from a creditor's claim for money due on the promissory note upon which the action is really based that it is in fact an action upon a claim that was never presented to and rejected by the administrator and, therefore, cannot be maintained. In support of his contention defendant cites: *Kunselman* v. *Southern Pacific R. Co.,* 33 Ariz. 250, 263 Pac. 939; *Wilkes* v. *Cornelius,* 21 Or. 348, 28 Pac. 135; *McGrath* v. *Carroll,* 110 Cal. 79, 42 Pac. 466; *Swedish-American National Bank* v. *Dickinson,* 6 N. D. 222, 69 N. W. 455, 49 L. R. A. 285; *Proto* v. *Chenoweth,* 33 Ariz. 261, 263 Pac. 943.

It is true the claim rejected states that it is for $2370 for money had and received, but it will be observed it also states that the money so had and received is ''secured by chattel mortgage filed January 25, 1935, in Book 6 of Chattel Mortgages, at Page 395, in the office of the Recorder of Pinal County, Arizona,'' this being the same chattel mortgage described in the complaint as securing the promissory note executed by W. A. Young on January 25, 1935, to Helen Eaton Marston for $7500, $2370 of which was then owing. A reading of the mortgage discloses that it makes no reference to a promissory note but was given to secure $7500 for which the deceased acknowledged he was justly indebted to the plaintiff and his wife, and which the plaintiff contends he promised in the following language to pay:

''KNOW ALL MEN BY THESE PRESENTS, THAT W. A. YOUNG, . . . *being justly indebted to* HELEN EATON MARSTON, . . . in the sum of Seven Thousand Five Hundred and no/100 . . . . . . . ($7,500.00)

Dollars which is hereby acknowledged, has for the purpose of securing the payment of said debt . . . mortgaged . . . unto the said party of the second part (Helen Eaton Marston), her heirs . . . certain personal property . . . ; That if the said first party (Young) shall pay or cause to be paid . . . the sum of Seven Thousand Five Hundred and no/100 . . . ($7,500.00) Dollars, . . . on or before ten years from date of the signing of these presents, Then these presents shall be void and of no effect.''

Whether this may be construed as a promise to pay it is not necessary to decide, for even though it does not contain an express promise to that effect, the acknowledgment of the indebtedness in specific terms is, under the authorities, an implied promise to pay. In *Elder* v. *Rouse,* 15 Wend., N. Y., 218, the court uses this language:

''Where one person acknowledges, by deed or otherwise, a certain sum to be due to another, an action of debt or assumpsit, as the case may be, will lie to recover it. [Citing cases] The language is equivalent to a formal covenant or promise, and the appropriate action would lie without the allegation of either; they being implied. The acknowledgment of the indebtedness itself creates a legal liability sufficient to sustain the action, 1 Chitty, 101, 2, 299, 346, and the admission in this case is as broad as that contained in a single bond.''

In *Jackson* v. *North Eastern Rail. Co.,* 7 Ch. Div. 573, is found this expression:

''The deed contains no covenant or express contract to pay the debt; but it is contended on the part of the Plaintiff that an acknowledgment of a debt by an instrument under seal amounts to a covenant to pay it; and the Defendants admit that as a general proposition to be correct; . . . ''

In Chitty on Contracts, 17th Edition, page 105, occurs this statement:

''Where, in a deed, a party unequivocally admits that he is liable to pay a sum of money, a covenant that he

will pay it may be implied unless the deed shows that the acknowledgment of the debt was inserted therein for some other purpose.''

In *Culver* v. *Sisson,* 3 Comstock 264, 3 N. Y. 264, and *Weed* v. *Covill,* 14 Barb., N. Y., 242, the same proposition appears in negative form. In the first of these two cases appears this language:

''It is contended on the part of the defendant, that the instrument declared upon contains neither an acknowledgment of indebtedness on his part, nor any express covenant or agreement to pay money, without one or the other of which this action cannot be maintained.

''It is clear that the instrument set forth contains no express covenant to pay money, and this case must therefore fall within the principle determined [cases cited] *unless* the defendant has bound himself by an express acknowledgment of indebtedness to the plaintiff. . . . ''

■■ The fact that the mortgage was not given to secure a promissory note made by W. A. Young to Helen Eaton Marston, as alleged in the complaint, did not justify a dismissal of the action upon the ground of failure of proof or of a variation between the allegation and the proof, since it is clear from an examination of the claim, the chattel mortgage and the complaint that the $2370 mentioned in the claim is the same $2370 the complaint alleges to be owing on the $7500 for which Young acknowledged in the mortgage he was justly indebted to Helen Eaton Marston and which he promised to pay. The name, or nature of the instrument, whether a note, mortgage or some other writing, was not material so long as it contained an acknowledgment of the indebtedness and a promise to pay it. If, in the judgment of the court, the claim and mortgage did not sustain the allegations of the complaint relative to a promissory note, the complaint could have been amended to conform to the proof. Granting a motion

to dismiss an action has the effect of denying a plaintiff the right to have his case heard on its merits and this should never be done unless the facts are such that under no possible theory could it be said the relief sought could be granted.

The defendant points out further, that under section 38–1006, Arizona Code 1939, any claim founded upon a written instrument must be accompanied by a copy of that instrument when presented for allowance. In view of the fact that in filing the claim the plaintiff, to show the existence of the indebtedness, relied on the chattel mortgage acknowledging his indebtedness to Helen Eaton Marston and promising to pay it, and at the hearing the parties stipulated that this mortgage should be treated as though it was attached to the claim when presented to the administrator for allowance, this was a sufficient compliance with that statute. To have complied literally it would have been necessary, it is true, that a copy of the mortgage be attached to the claim when presented for allowance, but the fact that the claim informed the administrator that the mortgage securing the $2370 was on file in the office of the county recorder of Pinal County, giving the book, page and date thereof, was a compliance with its spirit, and this being true it would be carrying the failure to comply with its letter too far to deny plaintiff, for this reason, the right to prove his claim in court if he could.

In view of the requirement of section 38–1003, Arizona Code 1939, that ''All claims arising upon contracts, whether due, *not due* or contingent, shall be presented to the executor or administrator within the time limited in the notice,'' it is not apparent just why the claimant asked for only $2370, instead of the $7500 which the mortgage states shall be paid on or before ten years from the date it was signed, January 25, 1935. It might have been his intention to forgive all of the $7500 except the $2370, or perhaps only this much of it

had been advanced up to that time. Whatever the situation, it was a matter the plaintiff could have explained at the trial and did not show that the action was based upon a claim that had not been presented to and rejected by the administrator.

The judgment is reversed and the cause remanded for further proceedings.

ROSS and STANFORD, JJ., concur.