[Civil No. 1767.  Filed June 3, 1920.]

[190 Pac. 77.]

WRIGHT P. SHILL, Appellant, v. CYRUS GRANT JONES, WILLIAM A. MOEUR, JOHN R. BURCHETT, NIELS PETERSON, IRA H. FRANKENBURG, CHARLES MORTON MULLEN, GEORGE TAYLOR, PETER AEPLI, BYRON A. REDDEN and RAY SAYLOR, and Numerous Other Persons to Plaintiff Unknown but Similarly Situated and With Common and General Interest Herein With Said Defendants, and Who are Voluntarily Associated Together as a Water Diverting Canal Association Under the Association Name and Style of TEMPE IRRIGATING CANAL COMPANY, and the TEMPE IRRIGATING CANAL COMPANY, Appellees.

1. PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN ADDRESSED TO DISCRETION.—Motion to make a pleading more definite and certain is always . addressed to the sound discretion of the court, which should be exercised in the interest of justice, not arbitrarily or capriciously.

2. APPEAL AND ERROR—ORDER ON MOTION TO MAKE PLEADING MORE DEFINITE AND CERTAIN WILL NOT BE REVISED.—When an order granting or denying motion to make a pleading more definite and certain is made, it will not be revised by the appellate court.

3. PLEADING—MOTION TO MAKE COMPLAINT MORE DEFINITE AND CERTAIN CANNOT TAKE PLACE OF DEMURRERS.—A motion to make more definite and certain, made under Civil Code of 1913, paragraph 474, cannot take the place of general and special demurrers to the complaint, as it should be employed when the pleading is defective in some respect, but not demurrable under paragraph 468.

4. PLEADING—MOTION TO MAKE COMPLAINT MORE DEFINITE AND CERTAIN ADDRESSED TO INDEFINITE STATEMENT OF CAUSE OF ACTION.— Motion to make the complaint more definite · and certain is addressed to a statement of a cause of action so indefinite and uncertain that the precise nature of the charge is not apparent.

5. PLEADING—COMPLAINT BEING INDEFINITE AS TO DAMAGES, PLAINTIFF SHOULD HAVE COMPLIED WITH ORDER TO MAKE MORE DEFINITE.— In action against irrigating canal association and its members for damage to plaintiff's land by washing, where complaint was in-

XXI Ariz.—30

definite in allegations of elements of damage in that it failed to give area destroyed or its value, whether cultivated or not, or its real character as being tillable, plaintiff should have complied with trial court's order on defendants' motion to make complaint more definite and certain, and where he failed to do so, and stood on the complaint, judgment dismissing cause will be affirmed.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. W. H. Stilwell, for Appellant.

Mr. Charles Woolf, for Appellees.

ROSS, J.—This action was instituted by the appellant, herein called plaintiff, against the appellees, herein called defendants, for damages. The plaintiff alleges in his complaint that he was at the time of the alleged injury, and is now, the owner of the southeast quarter of the southeast quarter of section 34, township 2 north, range 5 east, Gila and Salt River base and meridian, Maricopa county; that the defendants had constructed a dam across the Salt River for the purpose of diverting the waters thereof into a canal, constructed and maintained by defendants, running along and adjacent to his said premises. Paragraph 5 is as follows:

"That the said water of said river so obstructed, diverted, and thrown to and against and along the said bank of said river by defendants as aforesaid, has during the years 1917 and 1918 crumbled, dug out, caved, carried away, and destroyed a large portion of plaintiff's said premises, to plaintiff's damage in the sum of $1,500."

Thereafter and in due course the defendants filed their motion for an order requiring the plaintiff to make the allegations in paragraph 5 of plaintiff's complaint more definite and certain in this, to wit:

"To show in said allegations: (1) The quantity or area of land claimed by plaintiff to have been carried

away and destroyed. (2) The character of the land so claimed to have been carried away and destroyed; i. e., whether said land was tillable and whether or not the same was at the time of such carrying away and destruction being cultivated to crops, and, if so, the kind and character of crops thereon. (3) The particular location, according to legal subdivision, of the lands so claimed to have been carried away and destroyed in each of the years 1917 and 1918, and the time in each of said years when such carrying away or destruction is claimed to have taken place.''

The court granted the motion to make more definite and certain, and, the plaintiff choosing to stand on the complaint, without complying with the order of the court, the cause was ordered dismissed. The appeal is from the order dismissing the cause.

We understand the law to be that a motion to make a pleading more definite and certain is always addressed to the sound discretion of the court. This discretion should be exercised in the interest of justice, and not arbitrarily or capriciously. Generally speaking, when an order granting or denying the motion is made, it will not be revised by the appellate court. *Harn* v. *Missouri State Life Ins. Co.* (Okl.), 173 Pac. 214; *Sartin* v. *Springfield Hospital Assn.* (Mo.), 195 S. W. 1037; *Bristol* v. *Railroad Co.*, 175 N. C. 509, 95 S. E. 850.

It is, we think, very well settled that a motion to make more definite and certain cannot be made to take the place of the general and special demurrers. *Stansfield* v. *Dunne,* 16 Ariz. 153, 141 Pac. 736; 31 Cyc. 644, 645. It is to be employed when the pleading is defective in some respect, but not demurrable. Our statute sets forth the specific grounds for which demurrers may be interposed to the plaintiff's complaint. Paragraph 468, Civ. Code. It also (paragraph 474) indicates quite clearly that this kind of a motion is to be employed for a specific purpose; that is, if the allegations of a pleading are so indefi-

nite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be amended. The demurrers and the motion to make more definite and certain have very different functions to perform.

"A petition may be so drawn that a demurrer thereto would not lie, and yet be so indefinite and uncertain as to make it unfair for the defendant to be forced to a trial thereon. In fact the filing of a motion to make more specific and certain is, in effect, a concession that a cause of action is stated in the petition; but, in effect, it challenges the injustice of such petition as to defendant. The peculiar province of the trial court is to take such action as will insure a fair and impartial trial to all litigants, whether they be plaintiffs or defendants, and hence numerous discretionary orders may be made by such court in the course of the litigation, and its discretion, when soundly exercised, will not be disturbed by this tribunal." *Sartin* v. *Springfield Hospital Assn.* (Mo.), 195 S. W. 1037.

The motion is not addressed to a statement of a defective cause of action, nor a defective statement of a cause of action, but only to a statement of a cause of action so indefinite and uncertain as that the precise nature of the charge is not apparent. The precise nature of the charge must be made apparent by the pleading or it is amenable to this motion.

The statutory requirement that the nature of the charge upon motion shall be alleged in the pleading is for the information of the adversary, so that he may prepare his defense. The motion should not be denied because the complaint states a cause of action, for it may do that and still be equivocal and uncertain in respect to the particulars or nature of the charge, and, if so, the adversary must seek an amplification of the allegations by his motion to make more definite and certain, or he will be considered as having waived the defects.

It must be admitted that the elements of damage to which plaintiff might be entitled are very indefinitely and uncertainly stated, in that the complaint fails to give the area of ground destroyed or its value, whether cultivated or not, or its real character as being tillable. Its location is described generally as being along defendants' canal, but at what point, or whether the entire width of his forty acres, is not shown. We cannot say that the defendants' information on these points is as good as plaintiff's. It might be that, if the land were more particularly described, defendants would be able more intelligently to prepare their defense. They might be able to show that it was of little or no value, or that it was in fact not the plaintiff's land.

In all fairness to defendants, we think plaintiff should have complied with the court's order to the best of his ability. The observance of the order would have been a very easy and simple matter, and, being so, plaintiff should have been sure of his grounds before ignoring it. In a doubtful case it would seem quick and willing acquiescence is due the respect owed by the bar to the court. The fact that we, in the same circumstances, might have overruled the motion, is not sufficient reason to reverse the ruling of the trial court. Before we should do that, it must appear that his action was arbitrary and capricious.

The judgment of the lower court is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.