Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*

MILLS and CUSHING, JJ., concur.

NETZEL *v.* TODD.

(Decided April 2, 1928.)

*Mr. Ezra Z. Shapiro,* for plaintiff in error.
*Messrs. Howell, Roberts & Duncan,* and *Messrs. Doyle & Lewis,* for defendant in error.

Lloyd, J. Plaintiff in error, as plaintiff, commenced an action in the court of common pleas against the defendant in error, as defendant, for alleged malpractice; the defendant in error being a physician and surgeon practicing his profession in Toledo and vicinity. We will refer to Adolph Netzel, the plaintiff in error, as plaintiff, and to George M. Todd, the defendant in error, as defendant.

At the trial the jury returned a general verdict for the defendant. The plaintiff brought these proceedings in error to reverse the judgment entered upon this verdict. The action was twice tried; the first trial resulting in a directed verdict for the defendant, the second in the judgment now here for review. This court reversed the judgment entered

upon the directed verdict, holding that the question as to whether or not the relationship of surgeon and patient had terminated more than one year before the action had commenced was a question of fact for the jury. *Netzel* v. *Todd,* 24 Ohio App., 219, 157 N. E., 405.

Upon the second trial two issues were involved; the first being whether or not the defendant was guilty of malpractice, as alleged, and the second being whether or not the alleged cause of action of plaintiff was barred by the statute of limitations. Plaintiff states in the brief filed in his behalf by his counsel that the verdict returned by the jury in favor of the defendant is not against the weight of the evidence, but contends that the judgment entered thereon should be reversed: First, because of certain alleged errors in the admission and rejection of evidence; second, because of the refusal of the trial judge to allow the jury to have the pleadings in the jury room; and, third, for error in the general charge of the trial judge; and in his refusal to give to the jury before argument a written instruction requested by plaintiff.

During the trial it was sought by plaintiff to read from the bill of exceptions taken at the first trial the testimony of a witness, who, it was claimed, and in fact was, beyond the jurisdiction of the trial court. The plaintiff was called to testify as to his knowledge of the whereabouts of the witness, who, at the time of the previous trial, resided in and had an office in Cleveland. Upon cross-examination, counsel for defendant asked a number of questions, the purport of each of which was as to whether the plaintiff did not know that the witness had left Cleveland to

avoid arrest and to escape an indictment for a penitentiary offense. The question then under consideration was whether or not the witness was within the jurisdiction of the court of common pleas of Lucas county, Ohio. Residents of Cleveland are no more within the jurisdiction of the court of common pleas of Lucas county than are those of California, where it seems the witness had gone. The reason for his change of residence was of no consequence. There was no suggestion or claim by counsel that the cross-examination was directed to the credibility of the absent witness. His testimony as recorded in the bill of exceptions had not been read and was not then before the court and jury. Innocent persons are sometimes arrested and indictments occasionally are returned which do not result in verdicts of guilty. Viewed most favorably, this cross-examination sought to obtain hearsay information concerning the reason for the change of residence of an absent witness, whose testimony was about to be read in evidence—whether the cause thereof was not an impending indictment and arrest for an unnamed felony, the nature of which, however, suspiciously-minded jurors might be inclined to assume from the fact that such absent witness was a physician. In our judgment not only should these questions not have been asked, but the court should have sustained the objections thereto. Having permitted them to be answered, he might, of his own volition, very properly have instructed the jury as to the impropriety thereof. But since the witness had neither opinion nor information as to the subject of inquiry, it must be assumed that the jury disregarded

and was not prejudiced by the intimations of fact suggested by the questions.

The plaintiff offered in evidence a record, claimed to have been kept at Toledo hospital while plaintiff was a patient there, wherein were statements as to the character of the operation performed on plaintiff by defendant three years before; but there was no evidence in connection therewith as to who had made the record or from what source the information contained therein was derived. Under these circumstances, the hospital record was clearly inadmissible.

It was, to say the least, discretionary with the court as to whether or not the jurors should be permitted to have the pleadings during their deliberations in the jury room. Since it is the duty of the trial judge to instruct the jury in his charge as to the issues made by the pleadings, and a mere reading thereof does not fulfill this requirement, there is no apparent need for giving the pleadings to the jury, especially when, as not infrequently happens, one or the other of the parties litigant by repetition or by pleading evidence, emphasizes the facts as he claims them to be. *B. & O. Rd. Co.* v. *Lockwood,* 72 Ohio St., 586.

Plaintiff complains of the general charge of the trial judge to the jury, in that he did not elaborate upon certain principles of law applicable to the issues, in that he directed the attention of the jury to one of the issues involved more than to the other, and failed to define the term "negligence" as used by him therein. We have read the charge of the court and find no prejudicial error. If counsel desired the court to elaborate upon or explain the in-

structions given in the general charge, he should have so requested. Nor do we find that the court erred in refusing to give before argument the instructions asked by plaintiff; for the reason that the court gave to the jury before argument another written instruction requested by plaintiff, which, although differing in phraseology, was the same in meaning.

Having examined all of the errors of which complaint is made, and finding none prejudicial to the plaintiff in error, the judgment is affirmed.

*Judgment affirmed.*

RICHARDS and WILLIAMS, JJ., concur.