[Civil No. 3681. Filed September 21, 1936.]

[60 Pac. (2d) 1078.]

J. J. MacNEIL and ELLA C. MacNEIL, His Wife, Appellants, v. J. L. VANCE, as Trustee in Bankruptcy of M. J. Casey, Bankrupt, Appellee.

Mr. M. C. Burk, for Appellants.

Mr. Wallace W. Clark, for Appellee.

LOCKWOOD, C. J.—This is an appeal by J. J. MacNeil and Ella C. MacNeil, his wife, hereinafter called defendants, from a judgment of the superior court of Maricopa county, rendered against them and in favor of J. L. Vance as trustee in bankruptcy of M. J. Casey, hereinafter called plaintiff.

The facts of the case may be stated as follows: Plaintiff filed his complaint on August 25, 1933, alleging substantially the following facts: About January 12, 1932, Casey entered into a written contract with defendants, whereby he leased from them certain real estate in the city of Phoenix, for a term of five years, at a rental of $275 per month, to be paid monthly as set forth in the lease. There were no affirmative provisions as to the use which Casey should make of the premises, though there were negative ones. He entered into possession and engaged in the retail meat and grocery business, paying the rent according to the terms of the lease up to May 15, 1932. At that time the parties orally agreed to reduce the rent to $150 per month. In consideration thereof, Casey, who was in bad financial circumstances, agreed to remain on the premises and continue to conduct his business there. In accordance with such modification he paid rent at the new rate up to the 15th of July, when the lease was again orally modified by reducing the rent to $116 per month, which sum was duly paid once by Casey; thus paying the rent up to and including the 14th day of August, 1932. The rent due on August 15th was not paid, and on the 23d day of that month Casey made a written assignment for the benefit of his creditors to Lyle N. Owens, and the latter took possession of the premises and the merchandise thereon belonging to Casey. On the 29th day of August, however, Owens, as assignee, at the request of defendants turned the premises and the goods over to them, it being alleged the merchandise was then worth the sum of $952.95. Thereafter, and on the 17th day of October, a petition in involuntary bankruptcy was filed against Casey, and plaintiff was duly appointed as his trustee in bankruptcy. He

made demand upon defendants for an accounting as to the rental due, and for the return of the merchandise, offering to pay the amount of rent which he claimed to be due, being $137.50, which demand was refused, and this action was later brought. There was a second cause of action set up in the complaint, but as this was dismissed on motion of plaintiff, we need not consider it.

Defendants filed a general demurrer, a motion to strike and to make more definite and certain, and answered admitting the execution of the lease on the terms above set forth, but denying there was any modification thereof as to the amount of rent which should be paid thereunder. They admitted the payment by Casey of the amounts which it was claimed he had paid, but alleged that they were merely on account, and not in full. They denied that Casey had made a legal assignment for the benefit of creditors, but claimed that the lease was in full force up to the filing of the petition in bankruptcy. They then admitted that they took possession of the stock of goods belonging to Casey, under their landlord's lien, but alleged that they were of far less value than the rent then due, and alleged that they were perfectly willing to surrender them to plaintiff upon the payment of the amount of rent due them which, according to their allegation, was much more than the maximum value of the goods retained.

The record shows the motions were denied, and the general demurrer overruled. Thereafter, at the request of plaintiff and upon due notice to defendants' attorney, the case was regularly set for trial for a day certain. On the day set, plaintiff appeared and introduced oral and written evidence, but defendants wholly failed to appear, and judgment was rendered in favor of the former for the sum of

$815.45, with costs and interest. No findings of fact were asked for nor filed. Thereafter defendants moved for a new trial, alleging, in substance, that they had previously agreed upon a settlement of the case, and had not been notified that the case was set for trial, and that they had a good defense to the action. In support of the motion, they tendered the affidavit of Casey, denying that there had been any oral modification of the lease reducing the rent, and of defendants' attorney that plaintiff had agreed to settle the case for the sum of $50. In this affidavit, the attorney admitted that he had received a notice from plaintiff's attorney that the case had been set for trial nearly sixty days before the date for which it was set, and that for various reasons neither he nor his clients were present at the trial. The court denied the motion, and this appeal was taken.

The first question for our consideration is whether the court erred in denying the motion for a new trial. It appears from the record that counsel for defendants had been notified nearly sixty days in advance of the date on which the cause was heard that it had been set for trial upon such date, and that such setting was made *after* the alleged agreement to settle the case for $50.

■■ In order to set aside a judgment upon a default, it is necessary that the moving party show (a) excusable neglect, and (b) a good defense upon the merits. If either of these elements fail to appear, the motion should be denied. *Beltran* v. *Roll,* 39 Ariz. 417, 7 Pac. (2d) 248; *Garden Dev. Co.* v. *Carlaw,* 33 Ariz. 232, 263 Pac. 625; *Bryant* v. *Bryant,* 40 Ariz. 519, 14 Pac. (2d) 712. Much more is this the rule when the defendants have answered and then have been notified that the case has been set

down for trial. In the present case, notice of the setting was given and received nearly sixty days before the case was heard. Certainly this was ample time for defendants to prepare themselves for the trial. Was there any excuse for not doing so? The only one appearing in the record is that contained in the affidavit of the attorney for defendants. He says, in substance, as follows:

"Affiant further says that on or about October 3rd, 1934, he received the letter from Wallace W. Clark, notifying affiant that the said cause was set for trial on November 28th; that affiant immediately attempted to get in touch with his clients, but for some reason was delayed; that he did get in touch with them after some days and told them that unless said settlement was carried out by payment of the agreed sum that the case would be tried, but that in the meantime affiant had mislaid the letter and had forgotten that the case was actually set for trial and that he never at any time communicated the fact to his clients that said cause was set for trial."

This amounts to a statement that he had informed the defendants that unless they carried out their settlement agreement the case would be tried, but that he had forgotten it was actually set for trial, and neglected to notify them of that fact.

It seems to us that this cannot be said to present a case of such excusable neglect on the part of the counsel for the defendants that we can say affirmatively the trial court abused its discretion in denying the motion for new trial. Such being the case, unless the record shows on its face that prejudicial error was committed, the judgment must be affirmed.

 It appears affirmatively from the record that the whole of the evidence, upon which the trial court rendered judgment in favor of plaintiff, is not before us. We must, therefore, assume that there

was sufficient evidence to sustain the allegations of the complaint. *Ensign* v. *Koyck,* 31 Ariz. 1, 250 Pac. 246. But, it is said the trial court was guilty of reversible error in denying the motion to strike and overruling the general demurrer. It is the usual rule that while the granting of a motion to strike may be reversible error, the denying of such a motion, although perhaps erroneous, is not such as a rule, and the whole matter is usually in the sound discretion of the trial court. *Shill* v. *Jones,* 21 Ariz. 465, 190 Pac. 77; 49 C. J. 726. We think, particularly in view of the fact that the case was tried to the court without a jury, that its action on the motions was not an abuse of discretion.

The sole remaining question then is: Was the complaint obnoxious to a general demurrer? It is voluminous and we think it is not necessary to set it forth in full. It is sufficient for us to say that, while perhaps it is not a model of pleading, we think it does contain averments showing the title and right of possession of the goods in the plaintiff; that defendants unlawfully converted them to their own use, and the value thereof, together with a demand for their return. We think that this is sufficient to sustain the complaint as against a general demurrer. *Babbitt & Cowden Livestock Co.* v. *Hooker,* 28 Ariz. 263, 236 Pac. 722; 65 C. J. 73. The complaint sets forth a cause of action in conversion, the plaintiff presumably introduced sufficient evidence to sustain its allegations, and the defendants have not shown an abuse of discretion on the part of the trial court in denying the motion for new trial.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.