HOMLAR, APPELLEE, *v.* THE GREAT LAKES TOWING CO., APPELLANT.

(No. 4020—Decided February 7, 1944.)

*Messrs. Doyle & Lewis,* for appellee.

*Mr. Ralph Emery* and *Mr. George H. Lewis,* for appellant.

STUART, J. This case is before this court on appeal on questions of law from a judgment of the Court of Common Pleas of Lucas county, Ohio, entered upon the verdict of a jury in the sum of $10,000 rendered against the defendant.

The defendant, in its assignment of errors, claims that the court erred upon the trial, as follows:

1. In admitting evidence on behalf of plaintiff over the objection of defendant.

2. In rejecting evidence offered by defendant.

3. In overruling the motions of defendant for a directed verdict in its favor, in refusing defendant's request number one, and in overruling defendant's motion for judgment notwithstanding the verdict.

4. In instructing the jury in accordance with plaintiff's request number one.

5. In its charge to the jury.

6. In not granting the motion of defendant for a new trial, particularly on the ground of excessive damages.

7. In that the verdict is not sustained by sufficient evidence and is contrary to law.

The action was for damages resulting from a col-

lision of motor vehicles in the state of Michigan, on the highway between Monroe, Michigan, and Toledo, Ohio, on the evening of January 7, 1942. Plaintiff was driving his automobile in a northerly direction on the easterly side of the highway, going toward Monroe, and Ralph B. Millard, the district manager of the defendant's Toledo and Detroit division, was driving his automobile in a southerly direction on the westerly side of the highway, going to his home in Toledo, while returning from a business engagement in Detroit, on behalf of the defendant, which he had completed about two o'clock that afternoon.

Millard testified that he was proceeding at a speed not exceeding 25 or 30 miles an hour; that it was dark; that the road was icy in spots; that he saw a car several hundred feet ahead of him and started to apply his brakes; and that he was on the westerly, his right, side of the road until his car skidded on an icy spot and the rear end went over the center line of the road about eighteen inches, and the left rear end collided with the left front end of the plaintiff's car approaching from the south, causing damage to it and breaking the plaintiff's right hand.

The plaintiff's occupation was physiotherapy or massaging, and the result of the fracture was a shortening of the middle finger of his right hand, causing that finger to double under occasionally when he attempted to use it in his profession.

Plaintiff testified, over the objection of the defendant, that immediately after the accident "Mr. Millard said that we better move my car off the road because the traffic was passing through there continually, busy highway, and he drove his car off the side of road. I went into a house to call the state police and the house had no telephone, so I flagged the first driver coming along and asked him to stop at the corner and phone the police, and it was very cold and my hand was feel-

ing numb. I took off a heavy glove; my finger was depressed underneath the other fingers and it was impossible to get the glove back on, and Captain Millard suggested we get into his car because the heater was on and we would wait, and in the car Captain Millard was very much of a gentleman.''

When asked to state just what Millard said, the plaintiff answered: ''He was very sorry that the accident happened, but it was unfortunate and might happen to anyone, and he was sure it would be taken care of all right.''

Over the objection of the defendant, the plaintiff repeated in almost the same words his last answer as to what Millard had said to him.

These statements having been made some time after the collision and after the plaintiff had left the scene and had returned thereto, were not spontaneous and were too remote. They related only to the question of responsibility and not to the manner in which the collision occurred, were not made by the employee while engaged in the business of his employer or in the course of his employment, and therefore were not part of the *res gestae*. *Bake* v. *Industrial Commission,* 135 Ohio St., 627, 22 N. E. (2d), 130; *Dugan* v. *Industrial Commission,* 135 Ohio St., 652, 22 N. E. (2d), 132.

The trial court denied the defendant the right to cross-examine the witness, who repaired plaintiff's automobile, as to the charge made for and the cost of such repairs. This witness had given his opinion as to the value of the car immediately before and immediately after the collision and it would seem that the cost of these repairs might very well have been considered by the jury in determining the weight to be given to his opinion as to value. The court should have permitted such examination. *American Gypsum Co.* v. *Lake Shore & Michigan Southern Ry. Co.,* 7 Ohio App., 145, 153; *Ford Motor Co.* v. *Potomac Ins. Co.,* 27 Ohio App.,

279, 281, 161 N. E., 230; *North River Ins. Co. of New York* v. *Ohmer,* 63 Ohio App., 346, 354, 26 N. E. (2d), 767.

Inasmuch as defendant's request number one, to charge the jury before argument, contained the statement "that if he had started back to Toledo promptly after he had completed the transaction of any business of said company on account of which he went to Detroit he would have returned to Toledo in the daytime, and that when the collision occurred he was returning to his home after dark," which facts would not have relieved the defendant of responsibility if the other elements were present, the trial court was not in error in refusing to give it.

The court gave the jury before argument, plaintiff's request number one, which is as follows:

"The law applicable to this case requires 'the driver of a vehicle shall drive the same upon the right half of the highway'; if you find by a preponderance of the evidence that Ralph Millard's car was operated on the left or east side of the highway *without any legal excuse therefor,* and that he was then and there acting as defendant's agent in the scope of his employment by defendant and engaged in the course of his duties connected with his employment by defendant, then I charge you that defendant was guilty of negligence as a matter of law. If you further find by a preponderance of the evidence that said negligence was a direct and proximate cause of plaintiff's injuries and that plaintiff was free from negligence contributing thereto in the slightest degree, then your verdict must be for the plaintiff."

This instruction was incomplete in that it did not explain to the jury what would be a "legal excuse therefor," nor did the court do so in its general charge to the jury. *Kohn, Admx.,* v. *B. F. Goodrich Co.,* 139 Ohio St., 141, 38 N. E. (2d), 592.

"1. Although under the statute a mandatory duty devolves upon the court to give an instruction requested in writing before argument which contains a correct statement of the law pertinent to the issues involved, and applicable to the particular set of facts to which it is intended to apply, such instruction must state the law clearly and correctly and be complete in itself. The court may properly refuse to give requested instructions before argument which are indefinite, uncertain or ambiguous, or otherwise misleading." *Scott, Admx.,* v. *Hy-Grade Food Products Corp.,* 131 Ohio St., 225, 2 N. E. (2d), 608.

In charging the jury, the trial judge read the pleadings to the jury and did not otherwise define the issues. This was erroneous. *B. & O. Rd. Co.* v. *Lockwood,* 72 Ohio St., 586, 74 N. E., 1071; *Lima Used Car Exchange Co.* v. *Hemperly,* 120 Ohio St., 400, 405, 166 N. E., 364; *Uncapher* v. *B. & O. Rd. Co.,* 127 Ohio St., 351, 188 N. E., 553; *Simko* v. *Miller,* 133 Ohio St., 345, 352, 13 N. E. (2d), 914; *Netzel* v. *Todd,* 30 Ohio App., 300, 304, 165 N. E., 47.

In the *Simko case,* the Supreme Court, at page 352, at length defines the duties of the trial judge in charging the jury.

The charge in the instant case contained the following statement:

"The aforesaid negligent acts were in violation of the statutes of the state of Michigan then and there in full force and effect."

While this was probably an allegation read from the petition, it appears in the charge as a statement of law by the court and was misleading. *Kohn, Admx.,* v. *B. F. Goodrich Co., supra.*

"The test of a master's liability is not whether a given act was done during the existence of the servant's employment, but whether such act was done by the servant while engaged in the service of, and while

acting for the master, in the prosecution of the master's business." *Lima Ry. Co.* v. *Little,* 67 Ohio St., 91, 65 N. E., 861. See, also, *Morrow* v. *Hume, Admx.,* 131 Ohio St., 319, 326, 3 N. E. (2d), 39.

These errors prejudicial to the defendant would require reversal and remand for a new trial, but in this case the undisputed evidence is that Millard had completed his duties for his employer and was returning to his home. His employer had no control over him at the time. He was at liberty to begin his return journey at whatever time, in any manner and by any route he chose. At the time of the collision he was not acting for his employer nor engaged in his employer's business. The judgment is reversed and final judgment rendered for defendant.

*Judgment reversed.*

LLOYD and CARPENTER, JJ., concur.