241 P.2d 791

**ROBISON et ux. v. BROTHERHOOD OF RAILROAD TRAINMEN INS. DEPARTMENT, Inc.**

No. 5178.

Supreme Court of Arizona.
March 10, 1952.

Holmes & Morrison, of Tucson, for appellants.

Darnell, Robertson & Holesapple, for Tucson, for appellee.

FARLEY, Superior Court Judge.

Appellants, who were the plaintiffs below, sought to recover the disability benefits on an insurance policy issued by the defendant-appellee. After a non-jury trial on the merits the court granted the defendant's motion to dismiss plaintiff's complaint and for judgment in favor of the defendant. This appeal followed.

There is no dispute as to the facts. The record discloses that the plaintiff, Marion E. Robison, procured the policy of insurance on September 1, 1943, and became disabled on March 1, 1946, while the insurance policy was in full force and effect. The disability was the result of tuberculosis and continued up to the time of trial. He filed the usual notice of disability with the defendant but his claim was rejected upon the ground that the policy did not cover the disability inasmuch as the disease of tuberculosis had its inception prior to the date the policy was issued to the plaintiff. It is the plaintiff's contention that the provisions of the policy prohibited any inquiry to be made into the plaintiff's physical condition after the policy had been in force for two years. The defendant, however, was permitted by the trial court to inquire into the plaintiff's physical history, and elicited from him on cross-examination the fact that he had been treated for tuberculosis for some time prior to the policy date. In his application for insurance, which became a part of the policy, the plaintiff stated that he had not suffered from tuberculosis. The defendant, however, did not raise the issue of fraud or misrepresentation in its pleadings or at the trial, so that we are not confronted with any question along that line. In other words, the Brotherhood is not contesting the validity of the policy but is only urging that the policy does not provide coverage for the disability sued upon.

The plaintiffs' position is that the policy of insurance contains the following incontestable clause:

"This Certificate will be incontestable and noncancellable by reason of subsequent condition of health. This Certificate cannot be cancelled by the Brotherhood except for fraud, misrepresentation or for other causes provided in the Constitution and General Rules of the Brotherhood of Railroad Trainmen and the Brotherhood of Railroad Trainmen Insurance Department. Unless this Certificate is cancelled for any such causes, the acceptance of all renewal premiums when paid on or before the date when due is guaranteed during the lifetime of the Member.

"If this Certificate has been in force two years during the lifetime of the Member, *it shall be incontestable as to the accuracy of the representations contained in the application herefor and as to the physical condition of the Member on the date hereof,* but not as to other causes provided in the Constitution and General Rules of the Brotherhood of Railroad Trainmen and the Brotherhood of Railroad Trainmen Insurance Department." (Emphasis supplied.)

The defendant contends that the insuring clause of the policy covered only such diseases as arose after the date of the policy and did not cover any diseases that had their inception prior to the policy date. Specifically it relies upon this proviso, " * * * against loss of time on account of disease *contracted during the term of this certificate. * * *"* (Emphasis supplied.)

In support of its view of the incontestable clauses the defendant relies primarily upon the case of Apter v. Home Life Ins. Co. of New York, 266 N.Y. 333, 194 N.E. 846, 98 A.L.R. 1281, and the case of Metropolitan Life Ins. Co. v. Conway, 252 N.Y. 449, 169 N.E. 642. In the latter case the opinion was written by the late Justice Cardozo and has been quoted quite extensively in other jurisdictions where the question of interpreting the effect of incontestable clauses has arisen. Not all of the references to that opinion, however, have been favorable. See in that connection the case of Bernier v. Pacific Mut. Life Ins. Co. of California, 173 La. 1078, 139 So. 629, 88 A.L.R. 765, and the annotation to the case of Wilmington Trust Co. v. Mutual Life Ins. Co., D.C., 68 F.Supp. 83, at page 87. The case of John Hancock Mut. Life Ins. Co. v. Markowitz, 62 Cal.App.2d 388, 144 P. 2d 899, 904, is also cited in support of the defendant's position. The court in that case cited several cases in which the courts have recognized that the incontestable clause does not operate to extend the coverage of a policy to a disease contracted before the issuance of the policy. The incontestable clause under discussion in that case, as in the other cases relied upon by the defendants, was of a general nature and was to the effect that "this policy * * * shall be incontestable after it has been in force during the lifetime of the Insured for a period of one year from its date of issue except for nonpayment of premium * *." The policy issued by the defendant in the case at bar contains not a general incontestable clause but specific clauses which provide that the policy shall be

(1) incontestable and noncancellable by reason of subsequent condition of health,

(2) Incontestable after two years as to the accuracy of the representations contained in the application of the policy, and

(3) Incontestable as to the physical condition of the member on the date of the policy.

 We think the policy is so plain as to not admit of argument that the repre-

sentations contained in the application as to the plaintiff's physical condition might not be inquired into after the lapse of two years. The latter incontestable clause is not comparable in any respects to those contained in the cases relied upon by the defendant. We can only construe the clause in question as to give effect to its clear and unambiguous meaning, since the question of fraud or misrepresentation is not an issue.

The Municipal Court of Appeals for the District of Columbia in the case of Heilman v. American Cas. Co. of Reading, Pa., 81 A.2d 463, 464, had before it a policy containing a rider which provided that "The time of commencement of sickness shall not be questionable after said Policy has been maintained in force for a consecutive period of twenty-four (24) months." The court in that case held that such a provision prevented any inquiry into the cause of the disability after the lapse of twenty-four months. This position is supported by the cases of Atlanta Life Ins. Co. v. Cormier, Tex.Civ.App., 88 S.W.2d 511; National Life Underwriters v. Williams, Tex.Civ.App., 197 S.W.2d 487, 170 A.L.R. 1051; Garrell v. Good Citizens Mut. Ben. Ass'n, 204 La. 871, 16 So.2d 463; Pacific Mut. Life Ins. Co. v. Barfield, 57 Ga.App. 43, 194 S.E. 258, 263. In the latter case the court said: "The insurance contract provides that: 'This policy shall be incontestable after one year from its date as to the *time* of the happening of bodily injury or sickness causing disability commencing after such year and while this policy is in force.' The only reasonable construction of this provision of the policy is that where the disability commenced more than a year after the issuance of the policy, the *time* of the original sickness which ultimately caused the disability cannot be made the ground of contest by the insurer. This gives the insurer a year in which to investigate the answers given by the insured in his application, to investigate his previous and present physical condition, and to contest any claim for disability; and it further protects the company for the reason that any physical ailment which was not disclosed by the applicant and which might result in disability, would probably cause the disability within a year's time. Even if the language of this provision were ambiguous, it should be construed in favor of the assured. * * *"

For text statements on the question, see 45 C.J.S., Insurance, §§ 751–d and h, pp. 770, 775; Appleman's Insurance Law and Practice, Vol. 1, section 311, p. 346, and section 331, p. 383.

We think the views herein expressed are in accord with the decisions of this court in the cases of Metropolitan Life Ins. Co. v. Reynolds, 48 Ariz. 205, 60 P.2d 1070, and Posner v. New York Life Ins. Co., 56 Ariz. 202, 106 P.2d 488. In the latter case the court was dealing with an incontestable clause reading as follows: "This policy

shall be incontestable after two years from its date of issue except for nonpayment of premium." It is to be noted that this clause was general in its terms and did not contain a specific clause as to incontestability such as that in the policy under discussion, so that we think there is nothing in that case which is at variance with our holding herein.

■■■■ In the instant case the insuring clause limiting the insured's right of recovery against loss of time on account of disease contracted after the issuance of said policy is in effect nullified by that part of the incontestable clause which states that after two years the prior physical condition of the member and his physical condition on the date the policy was issued may not be inquired into. In other words under the incontestable clause of the policy his health on the date of its issuance may not be questioned by the insurer, therefore any illness from which he thereafter suffers must be conclusively presumed to have arisen after the issuance of the policy. The trial court erred in admitting the evidence offered by defendant as to previous disability of insured. With this stricken from the record there remains no competent evidence upon which to sustain the judgment.

It is our duty to reconcile the uncertainty which arises from the conflicting provisions of the insuring and incontestable clauses and any doubt must necessarily be resolved in favor of the insured.

It therefore follows that the order of the lower court granting the motion to dismiss was in error, and for the foregoing reasons the judgment of the lower court is reversed with directions to enter judgment for the plaintiffs as prayed for in their complaint.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concurring.

NOTE: Justice EVO DE CONCINI, being disqualified, the Honorable GORDON FARLEY, Judge of the Superior Court of Santa Cruz County, was called to sit in his stead.