[Civil No. 4632.   Filed December 20, 1944.]

[154 Pac. (2d) 790.]

JAMES MALIN and ELENE MALIN, His Wife, Appellants, v. SOUTHERN PACIFIC COMPANY, a Corporation, O. L. DOUGLAS and C. W. ORMSBY, Appellees.

Messrs. Struckmeyer & Struckmeyer, for Appellants.

Mr. Lawrence L. Howe, of San Francisco, California, for Appellees.

STANFORD, J.—The third amended complaint filed in the superior court of Maricopa County alleges:

"On the 22nd day of June, 1941, in the Town of Chandler, Arizona, the defendants, and each of them, negligently stopped a railroad train then belonging to the Southern Pacific Railroad Company across a public highway known as Cleveland Street, and negligently failed to provide warning signs or signals of the presence thereof, the defendants, and each of them, then knowing that the said railroad train constituted a hidden trap and danger to motorists using Cleveland Street."

The appeal was brought to this court from an order dismissing the third amended complaint and from the judgment in favor of appellees following the dismissal.

Appellants submit this assignment of error:

"The court erred in dismissing plaintiff's amended complaint for failure to state a cause of action, and in ordering judgment for defendants."

On that assignment of error appellants offer these propositions of law:

"1. On a motion to dismiss for failure to state a claim upon which relief can be granted, all of the material allegations of the complaint must be taken as admitted and true.

"2. Under ordinary circumstances, no recovery may be had by a motorist who runs into a train standing on a crossing.

"3. When a railroad company fails to give such notice of the presence of a train standing on a track as a reasonably prudent man would be expected to give under the circumstances, it is guilty of negligence.

"4. Where conditions at a railroad crossing create an unusual hazard or danger the question of whether the railroad operator has exercised care commensurate with the hazard or danger to motorist is a fact question for the jury."

Appellants rely on the cases of *Snyder* v. *Betsch,* 56 Ariz. 508, 109 Pac. (2d) 613, and *Marston* v. *Denton,* 60 Ariz. 178, 134 Pac. (2d) 158, 162, and from the latter we quote:

" . . . Granting a motion to dismiss an action has the effect of denying a plaintiff the right to have his case heard on its merits and this should never be done unless the facts are such that under no possible theory could it be said the relief sought could be granted."

Also *Continental Collieries* v. *Shober,* 3 Cir., 130 Fed. (2d) 631, 635:

"While most defenses are to be pleaded affirmatively under the Federal Rules, Rule 12(b) (6) [28 U. S. C. A. following section 723c] provides that the defense may take the form of a motion to dismiss for 'failure to state a claim upon which relief can be granted.' As observed in *Leimer* v. *State Mut. Life Assur. Co.,* 8 Cir., 108 Fed. (2d) 302, 305, 306, 'Such a motion, of course, serves a useful purpose where, for instance, a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted to him, or a claim which the averments of the complaint show conclusively to be barred by limitations.' However the court in the Leimer case went on to admonish that there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. See also *De Loach* v. *Crowley's, Inc.,* 5 Cir., 128 Fed. (2d) 378, 380. No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it."

■ The general rule concerning the recovery of damages when the driver runs an automobile into a train standing upon the track is set forth in our case of *Doty* v. *Southern Pacific Co.,* 59 Ariz. 449, 129 Pac.

(2d) 991, 992, and the appellants cite the following paragraph:

"It is almost universally held that usually, when the driver of an automobile runs into a train standing still across a highway, no recovery can be had by the driver for damages caused by the collision. But there is an exception to this rule. When the railroad company has failed to give such notice of the presence of the track and train as a reasonably prudent man would be expected to give under the particular circumstances, it is guilty of negligence and the question of liability is one for a jury. We consider the rule and the exception as applied to the particular circumstances of the case."

Appellants do not rely on the general rule but rely on the exception. The exception was unavailing in the Doty case, and therefore the reference of the appellants to the cases of *Peri* v. *L. A. Junction Ry.*, 22 Cal. 2d 111, 137 Pac. (2d) 441 and *Cox* v. *Polson Logging Co.*, 18 Wash. 2d 49, 138 Pac. (2d) 169.

From the case of *Peri* v. *L. A. Junction Ry., supra* [22 Cal. 2d 111, 137 Pac. (2d) 448], we quote the following:

"Minnesota apparently adopts the view that the presence of a train on a crossing is sufficient warning in itself, in the absence of an unusual or extrahazardous condition. The view which is more modern in the age of the automobile and more compatible with realities is expressed in the dissenting opinion in *Ausen* v. *Minneapolis, St. P. & S. S. M. Ry. Co.*, 193 Minn. 316, 258 N. W. 511, 515: 'Today it is a matter of common knowledge that automobiles are driven at night on our great, wide, straight highways at speeds which do not allow adequate time or space in which to stop for unusual objects such as freight trains completely obstructing the highway unless some warning of the possible or probable presence thereof is given, especially where, as in the case of such trains, the bodies of the cars are apt to be above the direct

beams of the automobile lights which the law requires to be projected below 42 inches at 75 feet from the vehicle. Recognizing this, our counties and state highway department place conspicuous warnings of all variations from the normal road. Drivers of ordinary prudence have grown to rely on the presence of such warnings. Certainly ordinary care does not require an automobile always to be driven in the expectation that a railroad train may suddenly and without warning loom up across the highway. To fail to recognize this fact is to apply horse and buggy law to a motor age, and is a failure to recognize the common experience of mankind. Statistics disclose that 28 per cent of railroad crossing accidents result from vehicles being driven into the sides of moving or standing trains. A variety of circumstances may be suggested where persons driving with ordinary care might suddenly be confronted with a railroad crossing encumbered by a train. Obviously ordinary care requires some warning of the presence of the crossing upon which long trains may be passing or standing.''

Aside from our code and the cases upon which appellees rely, they contend that appellants' third amended complaint, in which it is alleged that the train was a hidden trap, does not state a cause of action inasmuch as the particular circumstances that make the train a hidden trap, or the statute that requires the railroad company to give special warning, are not set forth. Appellees further claim that appellants' case must abide by the further rule laid down in the Doty case, *supra,* which is:

''We must, of course, for the purpose of the appeal, assume that the allegations of fact in the complaint are true. We must also assume that if there is any omission of facts necessary to sustain the complaint, such facts do not exist, for pleadings are taken in the strongest manner against the pleader.''

We think a better view of the *Peri* v. *L. A. Junction Ry., supra,* case is shown in a different light when we read the following quotation from that case:

" . . . Whether or not defendant was negligent was a question of fact when all the circumstances are considered. The unlighted crossing, the darkness, the fog, and the unlighted train, established a condition under which Guida could not see the train. . . . "

Unlike the instant case, in the Peri case we find that although the allegations that the railroad train constituted a hidden trap and danger there were evidently allegations to support that statement.

■ Notwithstanding the case of *Continental Collieries* v. *Shober, supra,* and its statements of the law, in the case at bar it can be seen that no circumstances were alleged even tending to support the statement that the railroad train "constituted a hidden trap and danger," leaving it but a pure conclusion.

■ If we support the views of the appellant, we open the door to pleadings without the essential details. For example, there is quite a difference as to the negligence of a defendant if the action had occurred in the nighttime instead of daytime where in the daytime visibility is more certain in our country where there are no fogs nor many storms. We can, and probably should under the Doty case, assume the collision in the instant case occurred in the daytime and in that respect we again quote the following from the Doty case:

" . . . We must also assume that if there is any omission of facts necessary to sustain the complaint, such facts do not exist, for pleadings are taken in the strongest manner against the pleader."

If it is at the command of the appellant to allege circumstances that would make the collision in this case more definite or explicit, appellant should have done so.

Again we hold that the words "a hidden trap and danger" as used is a mere conclusion.

In speaking of the Shober case, we cannot allow a federal case to prevail over the opinions of this court. Although that case is persuasive, it is not controlling. The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.